196      55;
  23 SC  ¹24⁹

196    553
226   ¹43⁹

# Olyphant Sewage-Drainage Company *v.* Borough of Olyphant.

*Corporations — Forfeiture—Collateral attack upon charter—Drainage company.*

The validity of a charter for public purposes cannot be determined in a collateral proceeding by a private suitor; it can be done only in a direct proceeding to which the commonwealth is a party.

Whether a right or franchise claimed by a corporation is conferred by its charter may be inquired into in a proceeding at law or in equity by a party injured, as provided by the Act of June 19, 1871, P. L, 1361; but whether for any reason the charter of a corporation was originally invalid or has been forfeited is a question which the commonwealth alone can raise.

The question whether a drainage company organized under the Act of June 10, 1893, P. L. 435, has forfeited its franchises for failure to complete its works within the time prescribed by the Act of May 16, 1889, P. L. 242, sec. 11, cannot be raised in a suit in equity by the drainage company against a borough to enjoin the latter from preventing the company's employees from continuing their work.

Argued Feb. 23, 1900. Appeal, No. 27, Jan. T., 1900, by defendants, from decree of C. P. Lackawanna Co., May T., 1899, No. 5, granting an injunction in the case of Olyphant Sewage-Drainage Company v. Borough of Olyphant and P. J. McNulty, Burgess. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, and FELL, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of EDWARDS, J., which was as follows:

FACTS.

1. The plaintiff is a corporation organized under the Act of June 10, 1893, P. L. 435. The date of its incorporation is February 27, 1894, and the purpose expressed in its charter is the "construction and maintenance of sewers, culvert, etc., in the borough of Olyphant, Pennsylvania."

2. On February 27, 1894, the council of the borough of Olyphant enacted an ordinance, approved by the burgess, permitting the plaintiff company to construct a sewer in the said

borough and to take possession of the streets of the borough for that purpose.

3. In 1894 the plaintiff caused a survey to be made of some of the streets of the borough. The engineer E. M. Jones prepared two maps and delivered them to the company. He was paid a part of his fee, leaving a balance of about $75.00 due to him for which balance he afterwards brought suit against the company. No other work was done by anybody under the company's charter preparatory to the construction of a sewer in the borough for more than four years after February 27, 1894.

4. The suit brought by E. M. Jones, the engineer, is entered to No. 283, May term, 1895, common pleas, Lackawanna county, on a transcript from an alderman. May 25, an execution was issued against the plaintiff company on the Jones judgment and a return of nulla bona made by the sheriff. In September, 1895, a special writ of fi. fa. was allowed by the court and under it the rights and franchises of the Olyphant Sewage-Drainage Company was sold to Myron Kasson for $101.

5. On September 25, 1895, parties interested in the franchises of the defunct company met and organized a new corporation in accordance with the provisions of the act of May 31, 1887, adopting the name of the Olyphant Sewage-Drainage Company, and by transfer from Myron Kasson secured the rights and franchises of the former company. The requisite papers were executed and filed in the office of the secretary of the commonwealth, at Harrisburg, on December 24, 1895, and a certificate issued in due form.

6. From the time of the organization of the new company, which was complete in December, 1895, to November, 1898, no work was done, either of the preparatory or any other kind, in connection with the sewer. The only action taken by the company was the election of a superintendent in January, 1896.

7. In October, 1898, the present owners of the stock of the Olyphant Sewage-Drainage Company met and increased the capital stock of the company from $10,000 to $100,000, making the necessary certificates and returns to the proper office at Harrisburg, and paying a bonus of $300 on the increased stock to the treasurer and a fee of $35.00 to the secretary of state. The company also placed a mortgage on its property of $50,000, and immediately proceeded to make elaborate surveys

and to make contracts for materials necessary for the construction of the sewer in question, expending for such material several thousand dollars.

8. In April, 1899, when the company was about to begin excavating on the streets of the borough, the burgess, aided by the police officers, prevented the company's employees from continuing the work causing the arrest of some of them and making the construction of the sewer by the plaintiff impossible without a breach of the peace..

### CONCLUSIONS OF LAW.

The defendants offered no evidence on their side. Their contention is purely legal. They claim that taking the evidence of the plaintiff alone and giving it the fullest credit, the bill should be dismissed. They rely on the application of the Act of May 16, 1889, P. L. 242, to the facts established by the plaintiff. The 11th section of this act provides as follows : " If any company incorporated under this act, or any of its supplements, shall not proceed in good faith to carry on its work and construct or acquire its necessary buildings, structures, property or improvements within the space of two years from the date of its letters patent, and shall not within the space of five years thereafter complete the same, the rights and privileges thereby granted to said corporation shall revert to the commonwealth."

According to the view we take of the law, we cannot decide in the present proceedings the question of the forfeiture of the plaintiff's corporate rights by reason of nonuser or for any other reason. Whether or not the plaintiff company has complied with the provisions of the 11th section of the act of 1889 by proceeding in good faith to carry on its work within the specified period is a matter that we cannot inquire into now. It is true that our findings of fact set forth the extent of the company's work. We did this for the purpose of reducing the plaintiff's testimony to concise and specific conclusions. But the legal position maintained by the defendants is clearly untenable. To formulate a conclusion of law which controls the case at bar we state that the corporate existence of a company cannot be attacked collaterally or incidentally, but it must be done in a direct proceeding brought for that purpose by a proper party.

In the case of Hinchman v. Phila. & West Chester Turnpike Road Co., 160 Pa. 150, GREEN, J., says: "We also fully agree with the learned court below that no charter to a corporation for public purposes can be forfeited except by the commonwealth in a proceeding for that direct purpose." That any cause which may work a forfeiture of the charter of a company is not the subject of inquiry collaterally is a proposition supported by many authorities. We cite the following: Com. v. Allegheny Bridge Co., 20 Pa. 185; Weinman v. Wilkinsburg, etc., Pass. Ry. Co., 118 Pa. 192; DuBois Boro. v. DuBois Water Co., 176 Pa. 430; Metzger v. Beaver Falls Boro., 178 Pa. 1.

A recent case is that of Downingtown Gas and Water Co. v. Downingtown Boro., 193 Pa. 255. In this case the court says "that the forfeiture of plaintiff's charter cannot be inquired into or considered in this collateral proceedings is so thoroughly established by numerous and familiar decisions that even a reference to them is not necessary." The only case cited by defendant's counsel in that of Com. v. Lykens Water Co., 110 Pa. 391. This is not authority on the question now before us. The proceedings in that case were by writ of quo warranto instituted by the commonwealth itself.

Now, therefore, this 21st day of December, 1899, this cause having been heard at a regular term of equity court and having been duly considered, we order and direct that a permanent injunction issue against the defendants in accordance with the prayer of plaintiff's bill and that the defendants pay the costs of these proceedings.

*Error assigned* was the decree of the court.

*F. M. Lynch*, with him, *O'Brien & Kelly*, for appellants, cited Brooklyn Steam Transit Co. v. City of Brooklyn, 78 N. Y. 524, Oakland R. R. Co. v. Oakland, Brooklyn, etc., R. R. Co., 45 Cal. 365, United States v. Grundy, 3 Cranch, 337, and Com. v. Lykens Water Co., 110 Pa. 391.

*Charles P. O'Malley*, with him, *Edward N. Willard*, *Everett Warren* and *Henry A. Knapp*, for appellee, cited Kishacoquillas Turnpike Co. v. McConaby, 16 S. & R. 144, Lumberman's Bank

v. Irvine, 2 Watts & Sergeant, 190, Com. v. Farmer's Bank, 2 Grant, 392, Dyer v. Walker, 40 Pa. 157, Cleveland, etc., R. R. Co. v. Speer, 56 Pa. 335, Penn. Central Ins. Co. v. Freeland, 94 Pa. 504, Western Pa. R. R. Co.'s App., 104 Pa. 406, Hestonville R. R. Co. v. Phila. 89 Pa. 218, Hinchman v. Phila., etc., Turnpike Road Co., 160 Pa. 150, Downingtown Gas & Water Co. v. Downingtown Boro., 193 Pa. 255, People v. Los Angelos Electric Ry. Co., 91 Cal. 338, Murphy v. Farmers' Bank, 20 Pa. 415, In the Matter of the New York Elevated Railway Co., 70 N. Y. 337, Briggs v. Cape Cod Ship Canal Co., 137 Mass. 71, and In re N. Y. &. L. I. Bridge Co., 148 N. Y. 547.

OPINION BY MR. JUSTICE FELL, July 11, 1900 :

Tested by the settled rule of our cases the conclusion reached by the learned judge of the common pleas is right for the reasons stated by him.    We have uniformly held that the validity of a charter for a public purpose cannot be determined in a collateral proceeding by a private suitor.    It can be done only in a direct proceeding to which the commonwealth is a party.    Among the more recent cases on the subject are Hinchman v. Philadelphia and West Chester Turnpike Road Co., 160 Pa. 150, and The Downingtown Gas and Water Co. v. Borough of Downingtown, 193 Pa. 255.    Whether a right or franchise claimed by a corporation is conferred by its charter may be inquired into in a proceeding at law or in equity by a party injured, as provided by the Act of June 19, 1871, P. L. 1361 ; but whether for any reason the charter of a corporation was originally invalid or has been forfeited is a question which the commonwealth only can raise.

The decree is affirmed at the cost of the appellants.