KEYSTONE WOOD CO. v. SUSQUEHANNA BOOM CO.

(District Court, M. D. Pennsylvania. September 1, 1916.)

No. 823.

CORPORATIONS ⊙⟹613(1)—FORFEITURE OF FRANCHISE BY NONUSER—COLLATERAL INQUIRY.

Whether a corporation authorized by its charter to maintain a dam has forfeited such right by reason of having ceased to conduct the business for which it was incorporated, where it continues to exercise its franchise as a corporation and to maintain the dam, is a question which

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

can only be determined in a direct proceeding by the authority by which it was chartered, and cannot be raised collaterally by a private litigant.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2431–2434; Dec. Dig. ☞613(1).]

At Law. Action by the Keystone Wood Company against the Susquehanna Boom Company. On demurrer to plaintiff's statement. Demurrer sustained.

M. C. Rhone and Ames & Hammond, all of Williamsport, Pa., for plaintiff.

Max L. Mitchell and Nicholas M. Edwards, both of Williamsport, Pa., for defendant.

WITMER, District Judge. The plaintiff by action of trespass is endeavoring to recover damage from defendant for a continued flooding of land of which it has since become the owner in fee. It appears from the statement of claim that the defendant company, having been incorporated by an act of assembly approved March 26, 1846 (P. L. 190), and supplements, was authorized to erect and maintain on the West branch of the river Susquehanna, between Williamsport and the Quineshehocque creek, such boom or booms, with piers, as may be necessary for the purpose of stopping and securing logs, masts, spars, and other lumber, floating upon said river, and erect such piers, side branch or shear booms, as may be necessary for that purpose; that by the provisions of an act of assembly approved December 11, 1866 (P. L. 1867, p. 1535), the company was authorized to erect a dam across the river between the mouths of Lycoming and Loyalsock creeks, not to exceed the rise of water over 9 feet, with the proviso that a good and sufficient bond be filed in the court of common pleas of Lycoming county conditioned to pay all damages, etc., and to indemnify the landholders adjacent to said dam against all losses or damage of any nature whatsoever that may occur to the land by reason of the construction of such dam; that the bond was filed as required, and the dam erected near the foot of Hepburn street, in the city of Williamsport, which dam is now in place, as it has been since the same was erected, whereby the plaintiff's land has been covered with water, as it also was covered when owned by its predecessors in title.

The plaintiff alleges:

"That on or about the 1st day of July, 1910, the Susquehanna Boom Company ceased to do business as a boom company, the purpose for which it was chartered, and abandoned said dam for the use and purpose for which it was authorized to erect it, whereby the plaintiff, being the owner in fee simple of all of the above-described tract of land, became entitled, as its predecessors in title were prior to the erection of said dam, to use and enjoy the fee in all of that part of the land which had been subjected to the servitude or easements acquired by said Boom Company as aforesaid; and the said Boom Company, its successors or assigns, thereby became divested of the right to thereafter lawfully flood any part of the land of the plaintiff, above mentioned, and said dam thereby became and is a nuisance, to the great damage of the plaintiff, a riparian owner of land along said West branch of the Susquehanna river.

Nevertheless, notwithstanding the action of the said Boom Company, above recited, and the abandonment and nonuser by it of said dam for boom

purposes, it has continued to maintain and is now maintaining said dam in said river, not for any public purpose, for which it alone had the right to erect and maintain said dam and flood the land with water above described, to a perpendicular height not to exceed nine (9) feet, but for purposes other than the operation of a boom, to wit:

"It has for a long time, to wit, since the 1st day of July, 1910, unlawfully and to the great damage of the plaintiff, maintained said dam for the private purpose of furnishing water power to the Lycoming-Edison Company of Williamsport, which company has since said date operated a water wheel with water flowing through gates erected in said dam, which it could not do without the permission and assistance of said Boom Company and the maintenance of said dam by said Boom Company; and said Boom Company is now maintaining said dam for said purpose and for other private purposes, in no manner connected with the operation of a boom, and plaintiff avers that the said Susquehanna Boom Company has continuously for a long time, to wit, since July, 1910, maliciously, unlawfully, and with force and arms unlawfully maintained said dam whereby the land of the plaintiff above described is and had been flooded with water backed up by said dam, and is now preventing him from the use and enjoyment of said land by reason of the flooding thereof with water."

The defendant, availing itself of the provisions of the so-styled Practice and Procedure Act of Pennsylvania, approved May 14, 1915 (P. L. 483–486), without answering the averments of fact in the plaintiff's statement of claim, comes and insists that as a matter of law, upon the plaintiff's showing, the defendant is entitled to judgment, briefly stated, because of its admitted charter rights to erect and maintain said dam, and in continuing to exercise its franchise as a corporation, and that for acts of nonuser or misuser, or the violation in any other way of the terms of its charter, it may be held to account only to the commonwealth, and that, without the latter's consent, its corporate rights cannot be abridged, attacked, or called into question, as attempted in this collateral way by suit at the instance of this private plaintiff.

There can be no difficulty with the facts herein presented, since they must be accepted as they appear from the plaintiff's statement. It does, however, not follow that plaintiff's conclusion that "defendant company ceased to do business as a boom company, the purposes for which it was chartered, and abandoned said dam, for the use and purpose for which it was authorized to erect it," in the face of the actual facts recited, that defendant company is nevertheless attempting to exercise its franchise of incorporation, and is in the full and complete physical possession of the dam erected and the land appropriated for the purpose. The conclusion involves the abandonment or surrender of defendant's franchise, which is a legal question, to be determined only by a legal proceeding for a forfeiture of corporate rights against the corporation. But plaintiff insists that defendant company is using its franchises or the rights acquired by its incorporation in a manner other than as intended and expressed by its grant, and therefore the court is requested to adopt the suggestion of abandonment and declare the charter rights of the corporation forfeited. Whether the corporation has forfeited its existence or its essential franchises are matters not to be determined in this proceeding. Such cannot be accomplished by collateral inquiry. Mon-

ongahela Bridge Co. v. Traction Co., 196 Pa. 25, 46 Atl. 99, 79 Am. St. Rep. 685; Olyphant Sewerage Co. v. Olyphant Borough, 196 Pa. 553, 46 Atl. 896.

To a proper determination of the questions involved in matters of forfeiture of corporate franchises, either by nonuser or misuser, the commonwealth must be made party to a suit instituted in a proper tribunal for the purpose of directly determining the matters at issue, and hence cannot be availed of in a proceeding such as this. As was said by Mr. Justice Mitchell, in Western New York & Penna. R. Co. v. Ry. Co., 193 Pa. 127, 135, 44 Atl. 242:

"The commonwealth is the grantor of the franchise. Whether it has been forfeited by nonexercise or otherwise is a question between the commonwealth and her grantee. If the commonwealth does not choose to exercise her right to assert the forfeiture, the decisions, as we understand them, do not confer that right upon a private litigant. This doctrine is held by an unvarying line of cases by our Supreme Court from Irvine v. Lumberman's Bank, 2 Watts & S. 204, down to the case of the Petition of the Philadelphia & Merion Railway Company, to be found in 187 Pa. 123 [40 Atl. 967]."

This also has been the rule uniformly applied by the federal courts.

In an action of ejectment for a parcel of land in the city of Washington sold for taxes, the plaintiff, the Chesapeake & Ohio Canal Company, proved a complete title to the land and continuous occupation to 1867, when defendant entered after a sale in 1864 for taxes. The company's land was exempt from taxes by act of Congress, but vendees offered to show that the land had not been used for canal purposes since 1830, and since then been rented to various persons, with a view of proving the company's forfeiture of their right to hold free from taxation. The court excluded the evidence, and on appeal Justice Miller (Mackall v. Chesapeake & Ohio Canal Co., 94 U. S. 310, 24 L. Ed. 161), said:

"We are of opinion that the question of such forfeiture could only be established by a direct proceeding on the part of the public authorities, and a decision to that effect in a proper tribunal, and cannot be made an issue for the first time in the trial of this question of private right between the present parties."

Without effort to multiply authorities, attention is called to Frost et al. v. Frostburg Coal Co., 24 How. 278, 283, 16 L. Ed. 637; Kanawha Coal Co. v. Kanawha & Ohio Coal Co., 7 Blatchf. 391, 406, Fed. Cas. No. 7,606; Utah N. & C. R. Co. v. Utah & C. Ry. Co. (C. C.) 110 Fed. 879, 889.

Counsel for plaintiff bases his argument upon assumption that, "possession having revested, the owner may maintain any action that is necessary to regain his rights or protect his property," and cites in support of his contention Pittsburgh Railroad Co. v. Bruce, 102 Pa. 23, 24, Ridge Turnpike Co. v. Stoever, 6 Watts & S. 379, Mifflin v. Railroad Co., 16 Pa. 182–194, and Jessup v. Loucks, 55 Pa. 350. The argument advanced is well supported, but it is based on the erroneous assumption that in the case at hand it was shown that possession of the land in suit had been abandoned, and thus revested to the original owners in fee. Quite the contrary appears from the plaintiff's statement. It is there admitted that the defendant company is in

full life, in the actual physical possession of the dam it has erected and maintained, and necessarily of the land it was authorized to subject to its easement. In this respect the case in hand is distinguished from the cases cited. In the latter there was either abandonment of physical possession or entry for purposes other than those authorized by the provisions of incorporation, practically resulting in want of possession under its charter.

It follows that this action cannot be sustained, and judgment will be entered for the defendant.