Upper Dublin Township Authority *v.* Piszek,
Appellant.

Argued January 13, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*W. Charles Hogg, Jr.,* with him *Walter V. Mc-Laughlin, Jr., Richard H. Elliott, Samuel B. Fortenbaugh, Jr., Peter F. Baughman,* and *Clark, Ladner, Fortenbaugh & Young,* and *Waters, Fleer, Cooper & Gallagher,* for appellants.

*George F. Baer Appel,* with him *Elmer L. Menges,* and *Townsend, Elliott & Munson,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 22, 1966:

Appellants, Edward and Olga Piszek, are owners of record of certain land in Springfield Township.

Appellee is a Municipal Authority formed under the Municipality Authorities Act of 1945, as amended, Act of May 2, 1945, P. L. 382, §1 et seq., 53 P.S. §301 et seq., by the Township of Upper Dublin.

On November 6, 1964, appellee filed a declaration of taking and bond under the Eminent Domain Code, condemning a portion of the property owned by appellants in Springfield Township, for the purpose of obtaining land upon which to erect a sewage treatment works.

Appellants filed preliminary objections to the declaration of taking, alleging that the action of the Authority was ineffective because, inter alia, the declaration of taking was improperly captioned, the notice of

condemnation was improperly indexed, the condemning Authority was never properly formed, the enabling ordinance did not authorize the Authority to condemn land in another municipality, and the proposed use conflicted with zoning ordinances of Springfield Township.

With regard to the first two objections, when the declaration of taking was filed on November 6, 1964 it was not captioned "in rem" as required by the Eminent Domain Code (Act of June 22, 1964, P. L. 84, §402(b), 26 P.S. §1-402(b)), and when the notice of condemnation was filed it was improperly indexed, the condemnor being shown as grantor and not grantee, contrary to the Eminent Domain Code (§404, 26 P.S. §1-404). These defects were rectified promptly on notification thereof.

Since no party was prejudiced by the errors we agree with the trial judge that the amendments were fully curative.

Appellants next contend that the condemnation must fail because the condemning Authority was never properly formed and, its corporate status being defective, it may not exercise the power of eminent domain. This contention must be based on the Municipality Authorities Act (Act of May 2, 1945, P. L. 382, §3A, as amended, 53 P.S. §303A), which requires that a resolution of intent be adopted as a step in the incorporation of an Authority. The minutes of the meeting of the Commissioners of Upper Dublin Township show that on October 7, 1952, the date on which the ordinance on its face states that it was duly enacted, a motion was adopted "to authorize the Solicitor to take the necessary steps to prepare an Ordinance to create a Municipal Sewer Authority, as outlined in forms which had been forwarded for consideration by the Commissioners to [the township's attorneys]." The minutes, however, do not show a resolution of intent specifically

adopting the ordinance. The ordinance itself contains, inter alia, articles of incorporation for the Authority, which were forwarded to the Secretary of the Commonwealth. A charter was duly issued to the Authority, as the appellants admit. The lower court believed that the error in incorporation was insignificant and held that the Authority was duly approved, citing *Darlington v. East Bradford Township School District,* 7 Chester 223 (C.P. 1956). However, we believe that appellants have no standing to question the validity of the incorporation. In *David Goodbread v. The Philadelphia, Bala & Bryn Mawr Turnpike Company,* 13 Pa. Superior Ct. 82 (1900), where letters patent were issued by the governor it was said: "This declaration [of entitlement to corporate powers] must be taken as verity, and it could not be contradicted by . . . the minute book of the company . . . . [T]he charter itself could not be attacked in a collateral proceeding . . . ." The court there quoted from an earlier case: " 'The evidence, the rejection of which forms the subject of the first assignment of error, was clearly incompetent. The tendency and object of it was to impeach the charter of the plaintiff corporation. That this cannot be done in a collateral proceeding has been so often decided that reference to the authorities is almost needless.' [citing cases]." See also: *Gring v. Sinking Spring Water Co.,* 270 Pa. 232, 113 Atl. 435 (1921) and *Olyphant Sewage-Drainage Company v. Borough of Olyphant,* 196 Pa. 553, 46 Atl. 896 (1900). Since the Municipality Authorities Act (Act of May 2, 1945, P. L. 382, §3C, as amended, 53 P.S. §303C) requires that the Secretary of the Commonwealth find whether the articles of incorporation conform to law before issuing a certificate of incorporation, the rule preventing collateral attack on a corporate charter duly issued is very much analogous to that preventing inquiry into the procedures of a duly certified legislative enactment.

*Mikell v. Philadelphia School District*, 359 Pa. 113, 58 A. 2d 339 (1948). Further, the Municipality Authorities Act (§3C) provides that the certificate of incorporation is conclusive evidence of incorporation and permits inquiry only by the Commonwealth for purposes of dissolving any Authority which was not formed in substantial compliance with the Act.

Appellants also contend that the enabling ordinance did not authorize the Authority to condemn land in another municipality. The lower court recognized that an Authority is a creature of the State, rather than of the creating municipality. We agree. Thus, to argue from the municipal ordinance is fruitless, for it cannot derogate from rights granted by the legislature. The Authority, being validly constituted, has under law been given the power of eminent domain within or without the municipality. Act of May 2, 1945, P. L. 382, §11, as amended, 53 P.S. §314. The title of the ordinance and §5 thereof only designate the project to be undertaken. This is in conformity with the Act of May 2, 1945, P. L. 382, §4, as amended, 53 P.S. §306, which permits limiting the projects an Authority may undertake, but which does not permit limitation of the powers designated in the act which may be exercised in carrying out that project.

Appellants finally assert that the taking is improper because the proposed use conflicts with the Springfield Township zoning ordinance, which zones this area for municipal uses. Although decided by the court below, this question is not to be decided here, for the Authority must initially go before the zoning board of the municipality of location of the land, as was required of the school district in *School District of Philadelphia v. Zoning Board of Adjustment*, 417 Pa. 277, 207 A. 2d 864 (1965). The zoning determination, however, is not a requisite of an effective taking by the Authority. The Authority under §11 of the Act of 1945, as amend-

ed; may take land for an authorized purpose, and it may do this whether or not the use may in fact be made in the future because there is a legal or factual objection. Such an interpretation is required in order to best utilize the two forums involved, avoid undue delay before compensation, and protect the Authority in its long range plans which may envisage future uses and changing zoning laws.

The consequence is that appellants' land has been effectively condemned, and having no reversionary right (Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §56917) their interest in this litigation and the zoning proceedings is terminated. We do not determine, however, whether or not the proposed use complies with the zoning requirements.

Order affirmed.