Elmer Jonnet, Appellant *v.* The Municipality of Monroeville, Thomas Schuerger et al., Appellees; Monroeville Hospital Authority, Intervening Appellee.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

438

*David Abrams*, with him *Abrams & Mazer*, for appellants.

*John D. Finnegan*, with him *Martin & Finnegan*, for appellees.

*Jerome M. Meyers*, with him *Meyers & Keyser*, and *Ballard, Spahr, Andrews & Ingersoll*, for intervening appellee.

OPINION BY JUDGE BLATT, August 17, 1977:

Elmer Jonnet brings this appeal from an order of the Court of Common Pleas of Allegheny County which denied his request that the Municipality of Monroeville (Monroeville) be enjoined from enacting an ordinance authorizing the formation of a hospital authority.

In January 1976, the Borough of Monroeville adopted a home rule charter pursuant to the Home Rule Charter and Optional Plans Law.[1] Prior to the charter's adoption, Monroeville had taken preliminary steps in planning the construction of a hospital to

---

[1] Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §1-101 et seq.

serve the community, and, subsequent to adopting the home rule charter form of government, the Monroeville Municipal Council had entertained a request that a hospital authority be established pursuant to the Municipality Authorities Act of 1945[2] (Act). On May 10, 1976, Jonnet filed a complaint in equity in the court of common pleas seeking to enjoin Monroeville from enacting an ordinance authorizing the formation of a hospital authority, charging that Monroeville, as a home rule charter community, no longer qualified as a "municipality" as that term is defined in Section 2(f) of the Act[3], and that it had no statuatory authority, therefore, to enact such an ordinance. The court below refused to grant a preliminary injunction, and Monroeville adopted an ordinance organizing the Monroeville Hospital Authority (Authority) on May 11, 1976, for which the Secretary of the Commonwealth approved articles of incorporation on May 27, 1976. After a hearing on the merits of Jonnet's complaint, the lower court refused to grant an injunction on June 3, 1976, and an appeal has now been brought to this court.

Our Supreme Court has explained the character of municipal authorities in *Commonwealth v. Erie Metropolitan Transit Authority*, 444 Pa. 345, 348, 281 A.2d 882, 884 (1971):

> This Court has consistently held that municipal authorities are not the creatures, agents or representatives of the municipalities which organize them, but rather are 'independent agencies of the Commonwealth and part of its sovereignty'. (Citations omitted.)

---

[2] Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §301 et seq.

[3] 53 P.S. §302(f), which reads:

(f) The term 'municipality' shall mean any county, city, town, borough, township or school district of the Commonwealth of Pennsylvania.

Moreover, by the express language of Section 3C of the Act, 53 P.S. §303C, it is the duty of the Secretary of the Commonwealth to determine if the articles of incorporation of a municipal authority conform to law:

> C. If the Secretary of the Commonwealth finds that the articles of incorporation conform to law, he shall forthwith . . . endorse his approval thereon, and when all proper fees and charges have been paid, shall file the articles and issue a certificate of incorporation, to which shall be attached a copy of the approved articles. Upon the issuance of such certificate of incorporation by the Secretary of the Commonwealth, the corporate existence of said Authority shall begin. Said certificate of incorporation shall be conclusive evidence of the fact that such Authority has been incorporated, but *proceedings may be instituted by the Commonwealth to dissolve any Authority* which shall have been formed without substantial compliance with the provisions of this section. (Emphasis added.)

After the Secretary issues a certificate of incorporation, this section of the Act permits inquiry as to the legal existence of this authority only by the Commonwealth, and others have no standing to raise the question of the validity of a municipal authority's incorporation. *See Upper Dublin Township Authority v. Piszek,* 420 Pa. 536, 218 A.2d 328 (1966).

We need not reach the question here as to whether or not Monroeville, with its home rule charter form of government, is a "municipality" for purposes of the Municipality Authorities Act of 1945 because, as was properly found by the court below, the Monroeville Hospital Authority had already received approval from the Secretary of the Commonwealth and was already incorporated as an independent agency of the

Commonwealth. Its legal existence having already begun, therefore, such existence could not then be enjoined. To have held otherwise, the court below would have had to ignore the exclusive statutory authority of the Commonwealth to initiate proceedings to dissolve corporations formed under the provisions of the Act. The order of the court below is, therefore, affirmed.

Judge KRAMER did not participate in the decision in this case.

ORDER

AND, Now, this 17th day of August, 1977, the order of the Court of Common Pleas of Allegheny County is hereby affirmed.