# Curry, Appellant, v. The Harmony Electric Company.

*Electric companies—Right to construct transmission lines—Contract with municipality—Contract not to furnish current in district generated—Right of property owner — Equity — Injunction — Refusal.*

1. An individual cannot attack collaterally the franchise or charter of a corporation.

2. Whether an electric company can by contract, under any cir-

cumstances, incapacitate itself from performing a public duty imposed upon it by its charter is at least very doubtful.

3. An electric light company formed for the purpose of supplying light, heat and power in a borough, which had its own system of poles and wires and obtained power from another corporation, was merged with twenty-six other electric companies. The merged company contracted with the borough not to furnish electric current within the borough limits, but to maintain an electric transmission line for the purpose of transmitting electric current through the borough to a point outside. Property owners on a street, upon which the company proposed to erect its line, brought suits in equity under the Act of June 19, 1871, P. L. 1360, to enjoin the construction of such lines, alleging that the company had no right to contract not to furnish electricity within the borough. Defendant showed that the construction of such lines was within its charter rights, was authorized by municipal ordinance and approved by the Public Service Commission. There was no evidence that defendant had refused to supply current to any one within the borough. *Held,* the lower court properly dismissed the bills.

Argued Oct. 5, 1915.   Appeals, Nos. 181 and 182, Oct. T., 1915, by respective plaintiffs, from decrees of C. P. Lawrence Co., March T., 1915, Nos. 3 and 4, in equity, refusing injunctions, in cases of Robert Curry v. The Harmony Electric Company, a Corporation, and John M. Curry and Harry M. Curry, v. The Harmony Electric Company, a Corporation.   Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Bills in equity for an injunction.   Before Reiber, J., specially presiding.

The opinion of the Supreme Court states the facts.

The court refused the injunction in each case.   Plaintiffs appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge, and the decree of the court.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* for Robert Curry, appellant; *Robt. K. Aiken,* for John M. Curry and Harry M. Curry, appellants.

*J. N. Martin,* of *Martin & Martin,* with him *Walter Lyon,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

Two appeals were here argued together, and they will be disposed of in one opinion.    The plaintiffs, as owners of lots facing on an alley known as Chestnut Way in the Borough of Ellwood City, filed bills in equity to restrain the defendant, an electric heat, power and light company, from erecting and maintaining an electric transmission line along the said alley in front of the plaintiffs' property.    It is alleged in the bills that the defendant is a corporation formed December 31, 1913, by a merger of twenty-six electric light companies, each incorporated under the laws of Pennsylvania, for the purpose of supplying "light, heat and power" along the lines of the Pittsburgh, Harmony, Butler and New Castle Railway Company, and that one of these companies was the Ellwood Electric Light Company, incorporated for the district of the Borough of Ellwood City; that the Borough of Ellwood City has its own system of electric light, &c., and obtains its supply of power from the Pennsylvania Power Company; that the plaintiffs are owners of property on Chestnut Way, which is a narrow public alley in the Borough of Ellwood City; that the Pittsburgh, Harmony, Butler and New Castle Railway Company had been restrained by injunction from erecting the proposed line on the alley; that by ordinance of December 9, 1914, the Borough of Ellwood City had granted permission to the defendant to construct the proposed line; that this consent was qualified by the following clause: "8. This consent is intended only for the purpose of permitting the company to carry its electric current through the borough to a substation of the Pittsburgh, Harmony, Butler and New Castle Railway Company, at Koppel, Beaver County, Pennsylvania, and for no other purpose; therefore, the said company shall not

make any connection with the said high tension wire or wires within the said borough, or permit others to do so."

The court held that under the right given to defendant in its charter to supply electricity, the right to manufacture or generate it was included, and that in the case of a consolidated company, such as the present one, it was not necessary that the electricity should be generated or manufactured in the district where it was to be used, and that by necessary implication the right existed (with municipal consent) to carry it to the district where it was to be used. The court also held that the question whether the defendant was fulfilling its duties under its charter to the public in the district of Ellwood City, could not properly be raised in this case. Counsel for appellants contend that the defendant as a consolidated company succeeded to all the duties and obligations of the subsidiary companies under their charters in their separate districts, and that since the defendant company had agreed with the Borough of Ellwood City not to furnish electric current within that borough, it therefore had bound itself not to perform its public duty, and had no right to erect therein the transmission line merely to carry power through the borough.

This proceeding is brought under the Act of June 19, 1871, P. L. 1360. It is settled that under this act an individual cannot attack collaterally the corporate franchise or charter: Western Penna. R. R. Company's App., 104 Pa. 399; Twelfth St. Market Co. v. Philadelphia & Reading Term. R. R. Co., 142 Pa. 580; Philadelphia v. River Front R. R. Co., 173 Pa. 334, and Windsor Glass Co. v. Carnegie Co., 204 Pa. 459. It does not, however, appear from the record in this case that the defendant has refused to furnish electric light or power to any one in the Borough of Ellwood City, and there was no evidence before the court below that the defendant has refused to perform any of the obligations imposed upon it under its charter. Whether the defendant can by contract, under any circumstances, incapacitate itself

from performing a public duty imposed upon it by its charter, is to say the least, very doubtful. But we agree with the court below, that under the facts of the present case, that question does not arise. It would be a collateral inquiry. The defendant has shown its charter from the Commonwealth authorizing it to maintain electric transmission lines; it has shown permission from the borough to construct a line along a certain street, and the approval of the proposed construction by the Public Service Commission. It has not been shown that it has refused to furnish electricity to any applicant in the Borough of Ellwood City. The validity of the agreement by which it has attempted to bind itself not to do so, can be tested, whenever the occasion arises, upon its refusal to supply electricity to the public upon proper request made. Under the circumstances shown, we think the bills were properly dismissed.

The appeals at Nos. 181 and 182, October Term, 1915, are dismissed at the cost of appellant in each case, and the decree of the court below is in each case affirmed.