# Kulp et al., Appellants, *v.* Public Service Commission.

*Public Service Commission—Public Service Company Law—Electric light companies—Chartered territory—Eminent domain—Sales of electricity outside chartered territory—Transmission purposes.*

The charter of an electric company applying to the Public Service Commission for an order approving the appropriation of land under the Act of May 21, 1921, P. L. 1057, cannot be attacked collaterally in such proceedings. Such an attack may only be made by the Commonwealth itself in a direct suit.

An order of the Public Service Commission approving the exercise by an electric company of its right of eminent domain and the appropriation of a right-of-way for the construction of a transmission line will be sustained although the purpose of such line is to transmit electricity to a portion of its chartered territory beyond the township in which the land condemned is situated, and for sale to another electric company operating in said territory and adjacent thereto.

The Public Service Commission always has control of the operation of a public utility to the extent that it may require service to consumers by distribution lines, along the route of the transmission line when public interest and convenience demand it.

Where the applicant company's consolidated district embraces all the territory through which the transmission line will run, and it proposes to use said line for the transmission of electric current, and to sell to a corporation to which it is authorized by law to sell such current, the application will be approved.

*Semble,* that the commission may, in the interest of the public, annex reasonable limitations, which it may subsequently modify or withdraw, to its approval of the right of a public service company to begin the exercise of its charter functions.

Argued October 15, 1923. Appeal, No. 118, Oct. T., 1923, by complainants, from order of Public Service Commission of Commonwealth of Pennsylvania, in re Application of Philadelphia Suburban Gas and Electric Company for the approval of the exercise of the right of eminent domain, etc., Application Docket No. 7293-1922. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Application to the Public Service Commission for a certificate of public convenience approving the exercise of the right of eminent domain.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission granted a certificate of public convenience in the following order:

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania, upon petition of the Philadelphia Suburban Gas and Electric Company, dated September 28, 1922, for approval of the additional right, power and privilege granted to said company, under the provisions of an act of assembly, approved May 21, 1921, in the exercise by said company of the right of eminent domain to acquire a right-of-way over and upon the property of Mary E. Kulp, widow, and other heirs of John M. Kulp, deceased, located in Upper Gwynedd Township, Montgomery County, for the construction, operation and maintenance of a transmission line for the transmission and distribution of electric energy for light, heat and power; and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had; and it appearing from the evidence adduced that the construction of the proposed transmission line, connecting plant located at Cromby, East Pikeland Township, Chester County, with substation of the Bucks County Electric Company at Doylestown, will manifestly improve its service, the commission finds and determines that the service to be furnished by the said Philadelphia Suburban Gas and Electric Company, through its exercise of the right of eminent domain to acquire a right-of-way for the construction, operation and maintenance of the proposed transmission line, as more fully and at large set forth in the aforesaid petition, is necessary and proper for the service, accommodation, convenience and safety of the public, and that a certificate of public convenience issue in evidence thereof:

83, (1923).]   Statement of Facts—Opinion of the Court.

Now, to wit, October 30, 1922, it is ordered: That a certificate of public convenience issue, as above determined.

*Error assigned* was the order of the commission.

*G. Herbert Jenkins,* for appellants.—The Commission has no authority to approve the condemnation of private property within the district of one public utility for the purpose of constructing a transmission line to pass through that district, and supply electricity to another territory: Citizens Electric I. Co. v. Lack. & W. V. P. Co., 255 Pa. 145; York Haven Water & Power Co., 8 Pa. Corp. Rep. 141; Crescent Pipe Line Co., 56 Pa. Superior Ct. 201 (206); Pittock v. Central Dist. & Printing Telegraph Co., 31 Pa. Superior Ct. 589; Mier v. Citizens Water Co., 250 Pa. 536; Bly v. White Deer Mt. Water Co., 197 Pa. 80; Bland v. Tipton Water Co., 222 Pa. 285.

*A. M. Holding,* of *Holding & Harvey,* for intervening appellee, cited: Citizens Electric Ill. Co. v. L. & W. V. R. Co., 255 Pa. 176; Curry v. Harmony Elec. Co., 251 Pa. 347; Com. v. Citizens L., H. & P. Co., 23 District 786; Biddle v. Public Service Com., 81 Pa. 350.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY KELLER, J., November 19, 1923:

This appeal is from an order of the Public Service Commission approving the appropriation, (under the provisions of the Act of May 21, 1921, P. L. 1057), by the intervening appellee, hereinafter called Suburban Company, of a right-of-way through private property for the construction, operation and maintenance of an electric transmission line, and granting the certificate of

public convenience required therefor.    Appellants are owners of property in Upper Gwynedd Township, Montgomery County, through which the proposed transmission line will pass.

Suburban Company is a corporation formed for the supply of light, heat and power by electricity, by the merger of a number of companies organized for the like purpose, and operating prior to the effective date of the Public Service Company Law.    Its consolidated district included Upper Gwynedd Township aforesaid and the adjoining Township of Montgomery, prior to January 1, 1914, so that it was, as respects said entire district, a corporation actually doing business and as such not requiring a certificate of public convenience from the commission before it could perform its charter obligations in any portion of said district: Penna. Utilities Co. v. P. S. C., 69 Pa. Superior Ct. 612; Harmony Electric Co. v. P. S. C., 78 Pa. Superior Ct. 271.    Under such circumstances the recent case of Biddle v. P. S. C., 81 Pa. Superior Ct. 350, is decisive of the right of Suburban Company to construct, operate and maintain its transmission line from its generating station at Cromby, East Pikeland Township, Chester County, up to and through Upper Gwynedd Township to Montgomery Township aforesaid and, subject to the approval of the commission, to condemn a right-of-way therefor.    Appellants so concede.    But they deny the right of Suburban Company to carry the line from Montgomery Township through Warrington Township, Bucks County, to and through Doylestown Township, Bucks County, to the boundary line between Doylestown Township and Doylestown Borough, where the electric current will be delivered to the Bucks County Electric Company for distribution to its customers in Doylestown Township, Doylestown Borough and perhaps elsewhere in its own territory; and further contend that as its final destination is without lawful warrant the line may not be erected even within Upper Gwynedd Township, where it could ad-

mittedly be constructed if it went no farther than Montgomery Township. What grounds are advanced, in support of this proposition?

(1) Appellants contend that the franchise of the Warrington Township Electric Co. was forfeited for inaction in carrying on its work, under the provisions of section 2 of the Act of May 16, 1889, P. L. 241, amending section 11 of the Act of April 17, 1876, P. L. 30, before its merger with Suburban Company. It is a sufficient answer to this position to say that there is no competent evidence in the record before us that Warrington Township Electric Co. did not proceed in good faith to carry on its work and construct or acquire its necessary buildings, structures, property or improvements within the space of two years from the date of its letters patent. If by arrangement with Suburban Company, it carried on its business in its charter territory and furnished the required service therein to the public, using the lines and facilities of that company, with which it was subsequently merged, it would require more than the meager evidence before us to hold that this was not a fair compliance with the requirements of the statute. But, in any event, these appellants cannot in this proceeding collaterally attack Suburban Company's franchises or consolidated charter: Curry v. Harmony Electric Co., 251 Pa. 344, 348; Windsor Glass Co. v. Carnegie Co., 204 Pa. 459, 462; Olyphant Sewage Co. v. Boro., 196 Pa. 553; Passyunk Ave. B. M. Assn. v. P. S. C., 73 Pa. Superior Ct. 242, 250. Such attack can only be made by the Commonwealth itself in a direct suit. As was said in Western Pa. R. R. Co.'s App., 104 Pa. 399, 407: "The appellant alleges that the appellee has omitted to do something that it ought to have done under its contract with the State, and in consequence of which the State may move to have the contract annulled. Well, let it so be that the Commonwealth may move for a rescission of this contract, yet by what warrant does the Western Pennsylvania Company assume to control the

will of the Commonwealth and use the rights of the State for its own purposes?" If the Commonwealth, acting through its appointed agency, the commission, saw fit to consider the action of the Warrington Electric Co. as a compliance with the Act of 1889 and approved its merger with Suburban Company, appellants are not in a position to attack collaterally what the Commonwealth did not see fit to object to in that respect.

(2) Appellants also allege that Suburban Company proposes to sell current to the Bucks County Electric Company for distribution in a field outside of the former's consolidated territory, and deny its right to do so, citing: Bly v. White Deer Mountain Water Co., 197 Pa. 80. But they overlook the distinction pointed out in Citizens Elec. Ill. Co. v. Lackawanna & W. V. Power Co. 255 Pa. 145, 150, that while water companies, as the law then stood, were restricted to furnishing water to the town, borough, city or district where they might be located, electric companies may furnish light, heat and power to persons, partnerships and corporations residing in or adjacent to the chartered or consolidated territory. The Act of March 19, 1903, P. L. 34, specially authorizes the sale of electrical current by one electric company to another within a district occupied by both or forming part of the chartered or consolidated territory of each. "Nor is there anything in the act to prevent these two quasi public corporations chartered for service in the same territory, from contracting that one was to supply the other with whatever current it might require. Indeed, this is a privilege that the act expressly confers": Citizens Elec. Ill. Co. v. Lackawanna & W. V. Power Co., supra, p. 153.

If Suburban Company may lawfully sell electrical current to Bucks County Company in Doylestown Township or Doylestown Borough, it is none of appellants' concern what the latter may do with it after it is delivered there: Bland v. Tipton Water Co., 222 Pa. 285, 289; the buyer is answerable only to the Commonwealth:

Mier v. Citizens Water Co., 250 Pa. 536, 540; Blauch v. Johnstown Water Co., 247 Pa. 71, 79. If this is so with a water company which under its right of eminent domain appropriates and conveys away water which, except for such diversion, would flow past the riparian owner's property, and thus by such sale deprives him of something that otherwise could be used by him, much more is it applicable to the present case where the only thing appropriated is the right-of-way, and its use, as respects the appellants, is precisely the same whatever Bucks County Company may do with the current it receives; the electrical current purchased by it not being subtracted from some source that would otherwise be open to their use.

Now, Suburban Company's consolidated district includes both Warrington Township and Doylestown Township. It is of no moment that the district was extended so as to include these townships after the Public Service Company Law went into effect. The necessary charters were secured and the mergers put through with the consent and approval of the commission and the result is as effective as if done before January 1, 1914. The only difference, in that respect, between a corporation operating before January 1, 1914, and one chartered afterwards, is that the former does not have to secure a certificate of public convenience from the commission in order to perform its charter obligations in any portion of its territory, (except the approval of its entry upon the streets and highways of a municipality: Harmony Electric Co. v. P. S. C., supra), while the latter must first secure the commission's approval of its charter and of its beginning to exercise the rights, powers and franchises granted thereby. This done, they stand on the same footing. When, therefore, Doylestown Electric Transmission Co., a corporation organized to supply 'light, heat and power by means of electricity to the public in the Township of Doylestown, Bucks County, Pennsylvania, and to such persons, partnerships and corporations

residing or located therein or adjacent thereto, as may desire the same," with the consent and approval of the commission, was merged with Suburban Company the latter's consolidated territory was enlarged so as to embrace Doylestown Township and the districts adjacent thereto. We are not called upon in this case to decide whether the limitation in the approval by the commission of the charter of Doylestown Electric Transmission Co. that its rights, powers and privileges should include only the right and power to construct, operate and maintain a high tension electric transmission line through the township aforesaid and that no right or privilege to supply light, heat and power by electricity to the public in said township nor to persons, partnerships or corporations residing or located therein or adjacent thereto, should be exercised by said company without the approval of the commission first obtained, is valid or not. If not valid, Suburban Company's right is general and unrestricted throughout Doylestown Township and the territory adjacent thereto; if valid, the commission's approval of its right to supply electricity to Bucks County Company has been obtained. So far as appellants are concerned, that is sufficient. It would seem, however, that if the commission has power, in the interest of the public, to restrict competition in the operation of public utilities, (Relief Electric L., H. & P. Co.'s Petition, 63 Pa. Superior Ct. 1, 11), it may, likewise in the interest of the public, annex reasonable limitations, which it may subsequently modify or withdraw, to its approval of the right to begin the exercise of such functions, and thus permit an arrangement which will insure an adequate supply of electricity to the public through existing utilities at fair rates and without the evils incident to destructive competition: Relief Electric L., H. & P. Co.'s Petition, supra, pp. 11, 12. Bucks County Company is unquestionably a corporation located in Doylestown Township and Doylestown Borough. The law specially sanctions the sale of electrical current by

one such company to another, within certain limitations, (Act of 1903, supra); and, the use of the word "transmission" as well as "distribution" in the Act of 1921, authorizing the condemnation of rights of way for the construction of such lines, and especially their use in the alternative, "for the purpose of transmission or distribution," must be given a reasonable interpretation, in the light of common knowledge that distribution lines are used for the immediate supply of electricity to consumers, while transmission lines are used to carry the current, sometimes for considerable distances, either to substations where it is transformed to a lower voltage and delivered to consumers by distribution lines, or for sale to other electric companies for distribution to their customers through their own transformers and supply lines. The commission always has control of the utility company's operations to the extent that it may require service to consumers by distribution lines along the route of the transmission line when public interest and convenience demand it.

It thus appears that Suburban Company's consolidated district embraces all the territory through which the transmission line will run and that it proposes to use said line for the transmission of electric current and its sale to a corporation to which it is authorized by law to sell such current. This state of facts brings it squarely within the ruling in Biddle v. P. S. C., supra.

On consideration of the whole case we are of opinion that the order appealed from has not been shown to be unreasonable or contrary to law, and it is accordingly affirmed and the appeal dismissed at the costs of the appellants.