## Gongaware, Appellant, *v.* Public Service Commission.

*Public service company law—Public Service Commission—Certificate of public convenience—Motor busses—Granting of certificate—Discretion of Public Service Commission.*

An order of the Public Service Commission granting a certificate of public convenience to operate a motor bus on call and demand, will be affirmed, where the record fails to establish that the action of the commission was unreasonable and not in conformity with law.

The propriety of granting certificates of public convenience to operate motor busses within the confines of a municipality is an administrative question, peculiarly within the jurisdiction of the Public Service Commission.

Argued May 7, 1924. Appeal, No. 97, April T., 1924, by protestant, from order of the Public Service Commission, Application Docket No. 7758, 1923, in re Application of C. John Henry, for the approval of the exercise of the right to operate motor vehicles as a common carrier. Before HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Appeal dismissed.

Application by C. John Henry for a certificate of public convenience to operate motor vehicles on call and demand.

From the record it appeared that the application was made by C. John Henry for a certificate of public convenience to operate motor vehicles on call and demand. A protest against the granting of a certificate was made by the plaintiff on the ground that the applicant was not

270 GONGAWARE, Appel., *v.* PUBLIC SERVICE COMM.

Assignment of Error—Opinion of the Court. [83 Pa. Superior Ct.

a proper person to operate as a common carrier, and that there was no need for service additional to that given by him. The commission granted the certificate. Protestant appealed.

*Error assigned* was the order of the commission.

*Carroll Caruthers,* for appellant.

*Frank M. Hunter,* Counsel, and *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY HENDERSON, J., July 2, 1924:

The appellant complains of the action of the Public Service Commission in granting a certificate to the intervening appellee approving of the exercise by the latter of the right to operate motor vehicles as a common carrier for the transportation of persons upon call and demand in the Borough of Adamsburg, Westmoreland County.

No question of law is presented, and an examination of the case satisfies us that there is no foundation upon which a conclusion could be based that the order appealed from is unreasonable. The appellant is engaged in a similar service in a community at some distance from the location of the intervening appellee. The propriety of permitting the service in the borough referred to is peculiarly one within the discretion of the Public Service Commission.

The appeal is therefore dismissed at the cost of the appellant.