# Hege et ux., Appellants, *v.* Public Service Commission

*Public Service Commission—Public Service Co. law—Electric light companies—Incorporation for township or less than a township—Transmission purposes—Eminent domain—Certificate of Public Convenience approving exercise—Scope of certificate.*

The validity of a charter for public purposes cannot be determined in a collateral proceeding by a private suitor; it can only be done in direct proceeding to which the Commonwealth is a party.

The grant of a certificate, by the Public Service Commission, approving the exercise of the power of eminent domain, under the provisions of the Act of May 21, 1921, P. L. 1057, evidences only the preliminary approval by the regulator body; it is a finding that the exercise of the power, if it exists, is necessary for the accommodation, convenience, or safety of the public.

The second section of the Act of May 8, 1889, P. L. 136, authorized the incorporation of an electric light company for a township or less than a township.

A provision contained in the approval of a charter of an electric company by the Public Service Commission that the company should not without the approval of the Commission furnish service to consumers within its territory, and should restrict its service and powers to the construction, operation and maintenance of high tension wires, does not deprive the company of the power to exercise the right of eminent domain, under the Act of May 21, 1921, when, with the approval of the Commission, it desires to construct and operate a transmission line.

*Public Service Company Law—Public Service Commission—Orders —Appeals from assignments of error.*

On an appeal from an order of the Public Service Commission where the finding of fact are not assigned for error, the Superior Court will accept unchallenged findings of fact as established.

Argued October 28, 1925, Appeal No. 177, October T., 1925, by protestants, John M. Hege and Naomi B. Hege, his wife, from order of Public Service Com-

mission of Commonwealth of Pennsylvania. In re application of the Franklin Transmission Company for the approval of the exercise of the right of eminent domain. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal dismissed.

Application to the Public Service Commission for a certificate of public convenience approving the exercise of the right of eminent domain.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission granted a certificate of public convenience. Protestants appealed.

*Error assigned* was the order of the Public Service Commission.

*Garnet Gehr,* and with him *William S. Hoerner,* for appellant.

*J. A. Strite,* and with him *Edwin D. Strite* and *Albert Strite,* for Franklin Transmission Company.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY PORTER, J., December 14, 1925:

This is an appeal from an order of the Public Service Commission approving, under the provisions of the Act of May 21, 1921, P. L. 1057, of the exercise, by the Franklin Transmission Company, of the power of eminent domain, for the construction and maintenance of a transmission line through lands of the appellants. The 3rd section of the Act of June 3, 1915, P. L. 779, requires that, in appeals of this character, "Each error relied on must be specified particularly and set forth in a separate numbered paragraph of the

petition.'' The only assignment of error in the present case is that the Commission erred in finding that the granting of the application of the Franklin Transmission Company is necessary and proper for the service, accommodation, convenience and safety of the public, and issuing a certificate of public convenience evidencing its approval of the application. The findings of fact by the Commission fully warranted the issuance of the certificate, and those findings of fact are not assigned for error. We must accept the unchallenged findings of fact as established and that the order of the Commission was reasonable.

The appellants contend that the order is not in conformity with law, for the alleged reason that the Franklin Transmission Company (hereinafter called the company) was not invested with the power of eminent domain. The Company resulted from the merger of a number of electric companies, one of the underlying companies being the Guilford Electric Company of Franklin County. We cannot here inquire as to the regularity of the merger proceedings. The company succeeded to the rights, powers and responsibilities of the underlying companies. The appellants contend that the company, as the successor of the Guilford Electric Company, was not invested with the power of eminent domain, because of two defects in the charter of that company: (1) That the Guilford Electric Company was chartered for a district which comprised only part of Guilford Township, and that the statutes confer no authority for the issuance of a charter for part of a township. (2) That the Act of 1921 did not confer the right of eminent domain upon the Guilford Electric Company for the reason that the Public Service Commission incorporated, in its certificate approving the application for that charter, a provision that the applicant "shall not without the approval of this Commission hereafter first had and obtained furnish service to any consumer or consumers within its

corporate district or territory, confining and restricting its service and powers to the construction, operation and maintenance of high tension transmission line or lines.''

It might be sufficient for the purposes of this case to say that this is a collateral attack upon a charter by a private suitor. ''The validity of a charter for public purposes cannot be determined in a collateral proceeding by a private suitor; it can only be done in a direct proceeding to which the Commonwealth is a party'': Curry v. Harmony Electric Co., 251 Pa. 344; Kulp v. Public Service Commission, 82 Pa. Superior Ct. 83.

The Public Service Company Law, of July 26, 1913, P. L. 1374, provides, in Article V, section 21, as follows: ''The issuing by the Commission of any certificate of public convenience......, shall not be construed to revive or validate any lapsed, terminated, invalidated, or void powers, franchises, rights or privileges; or to enlarge or add to the rights, powers, franchises, or privileges contained in any charter, or in the grant of any franchise or any supplement or amendment to any charter, or to waive or remit any forfeiture.'' The grant of a certificate approving the exercise of the power of eminent domain, under the provisions of the Act of May 21, 1921, P. L. 1057, evidences only the preliminary approval by the regulator body; it is a finding that the exercise of the power, if it exists, is necessary for the accommodation, convenience, or safety of the public. ''The granting of the certificate determines neither the validity nor the scope of subsequent proceedings by eminent domain'': Reiber v. Public Service Commission, 83 Pa. Superior Ct. 507. The rights which these appellants attempt to assert were not, in the circumstances here presented, prejudiced by the determination of the Commission. The appeal might be dismissed on this ground.

Even if the appellants were in position to attack

the validity of the charter of the Guilford Electric Company, upon the grounds stated, their contention could not be sustained. The 2nd section of the Act of May 8, 1889, P. L. 136, authorized the incorporation of an electric light company for a township or less than a township: Brown v. Electric Light Co., 208 Pa. 453. The provision contained in the approval of the charter of the Guilford Electric Company by the Public Service Commission, that the company should not, without the approval of the Commission, furnish service to consumers within its territory and should restrict its service and powers to the construction, operation and maintenance of high tension lines, did not deprive the company of the power to exercise the right of eminent domain, under the Act of May 21, 1921, when, with the approval of the Commission, it desired to construct and operate a transmission line: Kulp v. Public Service Commission, 82 Pa. Superior Ct. 83. In the case last cited this question was so fully discussed in the opinion of our brother KELLER that the reasons for so holding need not here be repeated. We find no reason for holding that the determination of the Commission was not in conformity with law.

The appeal is dismissed at the cost of the appellant.