Hazleton Auto Bus Co., Appellant, *v.* Public Service Commission.

Argued October 1, 1930.

Before TREXLER, P. J., LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*John H. Bigelow,* for appellant.

*Sterling G. McNees,* for Motor Transportation Company, intervening appellee.

*John Fox Weiss,* Counsel, and with him *Daniel H. Kunkel,* Legal Assistant, and *E. Everett Mather, Jr.,* Assistant Counsel, for appellee.

OPINION BY LINN, J., December 12, 1930:

Passing appellees' proper criticism that the final order of the commission is neither complained of in appellant's brief, nor assigned for error (Andrews v. Pub. Ser. Com., 88 Pa. Superior Ct. 306, appellant is met with the rule that an administrative order of the commission will be affirmed if, in the words of the statute, the order is "reasonable and in conformity with law:" Article 6, section 22, 1913 P. L. 1427. The facts will be found in an extract from the report of the commission appearing in the reporter's statement of the case.

At least three proceedings before the commission seem involved, though the record certified brings up but two: one, begun by Lehigh Traction Company, operating a street railway from Hazleton to McAdoo, a distance of about 6 miles; the other, begun by appellant Hazleton Auto Bus Company, a subsidiary of the traction company, operating a bus line in the same general locality. Their petitions were heard together by the commission. Through part of the same territory, the intervenor, Motor Transportation Company, conducts its passenger business over a route from Hazleton to Tamaqua, a distance of 14 miles.

The traction company asked leave to abandon service over part of its road because of mining operations under its tracks; its subsidiary bus company, the appellant, asked leave to enlarge its existing service to

supply the public affected by that abandonment. Both applications were granted and the report and orders made in those proceedings are before us on this appeal. As appellant received all it asked for, it would seem to have no ground for complaint. It does however complain, that at or about the same time the commission granted the petition of Motor Transportation Company—intervenor—for an enlargement of the service theretofore rendered by it in the same region. We are not advised whether appellant participated in the hearing of that application (the commission's brief states that appellant received notice of the hearing, but filed no protest), but the order made there is not before us for review in this case. Appellant complains here that the commission in its report on the applications of the traction company and of appellant stated: ''That the Motor Transportation Company [will] be granted the right to operate without restriction or condition as to time-table or schedule, between any points and places on its route from terminus at Broad and Wyoming Streets in the City of Hazleton and terminus at Wenzel's Cafe in the Borough of Tamaqua, continuing, however, in force and effect the restriction of one morning and one evening trip between Silver Brook and plant of the Duplan Silk Corporation. This grant, however, to become effective if and when the trolley service between McAdoo and Tresckow is discontinued.'' The area in which all three companies render their services is small; the character of the service and by whom it shall be rendered involves the exercise by the commission of power that is purely administrative; and this is so even if the paragraph complained of be considered as a condition of the order made on appellant's petition, though not contained in the order itself. There is nothing in the record that would warrant this court in holding that the exercise of administrative power

in the circumstances disclosed was unreasonable or contrary to law within article 6 section 22 of the statute prescribing the scope of our inquiry.

Appeal dismissed.