# Fries *versus* The Southern Pennsylvania Railroad and Mining Company.

1. A railroad company unable to agree with the owner of lands for right of way, gave a bond and took possession for railroad purposes. Subsequently the railroad and property were sold under proceedings of foreclosure upon a mortgage : *Held*, in a proceeding by scire facias against the purchasers to compel the payment of land damages, that the purchaser took a clear title and that the owner of the land was thrown back upon the bond for his said damages.

2. Western Pennsylvania Railroad Co. *v.* Johnston, 9 P. F. Smith 291, distinguished.

June 21st 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Franklin county :* Of May Term 1877, No. 217.

This was a *scire facias quare executionem non sur judgment.* The Caledonia Iron, Land and Railroad Company was incorporated March 22d 1867, and changed its name on April 30th 1869 to the Southern Pennsylvania Iron and Railroad Company. On March 1st 1870 it made a mortgage to J. Edgar Thomson and Frederick Watts, as trustees, to secure $625,000 of bonds, and on September 1st 1870 made a second mortgage to John Rice, as trustee, to secure $200,000 of bonds.

The company having begun the construction of its railroad was not able to settle the land damages for its right of way through the land of Jacob Fries, plaintiff in error; and on Jan 8th 1871, filed its bond for $2000 with R. L. Jones, H. M. Keim and D. V. Ahl, as sureties. This bond was approved by the court. Viewers having been appointed at the instance of the company, they filed their report on March 15th 1871, awarding $300 of damages. From this award an appeal was taken, and on November 3d 1873, a jury found a verdict in favor of plaintiff for $1717.73, upon which judgment was entered. Proceedings of foreclosure were commenced on the second mortgage, and the property sold December 21st 1872, to John Rice for $305,000, subject to the mortgage to Thomson and Watts. The master appointed to distribute the fund arising from this sale, rejected the claim of plaintiff below, on judgment presented by him. The plaintiff below not having been paid his land damages issued a *scire facias quare executionem non* against the Southern Pennsylvania Railway and Mining Company, as purchaser and terre-tenant of the Southern Pennsylvania Iron and Railroad Company, to compel payment of his judgment. An issue was so framed, and on December 15th 1876, the jury was directed to find a verdict for plaintiff below for $2032.46, the court reserving the question of law whether under the law and evidence plaintiff was entitled to recover. Judgment was entered non obstante veredicto for defendant below, which was assigned as error.

| 85 | 73 |
|---|---|
| 138 | 172 |

| 85 | 73 |
|---|---|
| 172 | 381 |

| 85 | 73 |
|---|---|
| 175 | 558 |

| 85 | 73 |
|---|---|
| 32 SC | 380 |
| 32 SC | 382 |
| 32 SC | 457 |

| 85 | 73 |
|---|---|
| 222 | 1524 |

| 85 | 73 |
|---|---|
| f227 | 1452 |

[Fries *v.* Southern Pennsylvania Railroad and Mining Company.]

*Stenger & McKnight* and *J. McDowell Sharpe*, for plaintiff in error.—Land cannot be taken by a railroad company without compensation to the owner: Western Pennsylvania Railroad Co. *v.* Johnston, 9 P. F. Smith 291. The right to occupy is merely an easement, a right of way : Lance's Appeal, 5 P. F. Smith 26 ; Spear *v.* Allison, 8 Harris 204 ; Shamokin Valley Railroad Co. *v.* Livermore, 11 Wright 466 ; Haldeman *v.* Pennsylvania Railroad Co., 14 Id. 436 ; Mayor of Allegheny *v.* Ohio & Pennsylvania Railroad Co., 2 Casey 360. A mere easement or right of passage is not the subject of a lien, or a sale under execution: Ammant *v.* Turnpike Co., 13 S & R. 210 ; Ridge Turnpike Co. *v.* Stoever, 2 W. & S. 548 ; Leedom *v.* Plymouth Railroad Co., 5 Id. 265 ; Canal Co. *v.* Bonham, 9 Id. 27 ; Plymouth Railroad Co. *v.* Colwell, 3 Wright 339 ; Steiner's Appeal, 3 Casey 315 ; Calhoun *v.* Jester, 1 Jones 474 ; Krause's Appeal, 2 Whart. 398 ; Dalzell *v.* Lynch, 4 W. & S. 255. Judicial sales extinguish liens, and not easements : Catlin *v.* Robinson, 2 Watts 373. The plaintiff has never parted with his right of property : Monongahela Nav. Co. *v.* Coons, 6 W. & S. 101 ; Borough of Harrisburg *v.* Crangle, 3 W. & S. 460.

*Kennedy & Stewart*, for defendant in error.—The fee remained in plaintiff below, subject to the right of the company to use and occupy : Railroad Co. *v.* Johnston, 9 P. F. Smith 294; Haldeman *v.* Railroad Co., 14 Id. 437. The company tendered the bond and became entitled to the right. The owner parted with his right when security was given : McClinton *v.* Railroad Co., 16 P. F. Smith 407.

The judgment of the Supreme Court was entered, June 26th 1877,

PER CURIAM.—This case differs from that of the Western Pennsylvania Railroad Co. *v.* Johnston, 9 P. F. Smith 291. There the railroad company had neither paid the money nor given the bond required by the law as security, before entering on the land. The entry was therefore unlawful, and the land remained liable to the re-entry of the owner. The charter of the Western Pennsylvania Company subjected that company to payment of all the unpaid damages, which were declared to remain a lien on the road. But here the railroad company gave the required bond and entered lawfully. The easement of the company was therefore lawfully acquired, and passed to the purchaser under the mortgage unencumbered by any lien, except the judgment upon the report of viewers, which, however, was obtained after the mortgage had been recorded. As the consequence of these proceedings, the purchaser took a clear title and the land-owner was thrown back upon his bond. It is argued that the principles of ownership stated in Railroad Company *v.* Johnston ought to govern ; because the owner's right is protected by the constitution and the law. True, his right is thus

protected, but not from a taking with payment, in the exercise of the right of eminent domain, even under the old constitution of 1790; while the more recent constitutions have placed the power to exercise the right of eminent domain upon the alternative also of security. The security being given in due course of law the grasp of the owner upon his property is loosened by the constitution itself, and consequently the easement acquired passes freed from his power to obtain payment otherwise than upon the bond, and the proceeding by assessment of damages given by the law. Under the judgment obtained in this proceeding execution may issue to collect the damages from the company taking the land.

Judgment affirmed.