## Bethlehem City Water Company, Appellant, v. Public Service Commission.

*Public Service Commission—Jurisdiction — Chartered powers — Water companies.*

An appeal from an order of the Public Service Commission, either granting or refusing a certificate of public convenience, cannot be made a substitute for a writ of quo warranto or other legal proceeding in which it may be judicially determined what franchises, claimed by any chartered company, are active and in full force. In granting a certificate of public convenience the commission confers no new chartered powers on any company. It takes away from no company any right or power then legally existing. As it is not a judicial body but an administrative one, its order, made from the standpoint of the public convenience solely, cannot be made the foundation for the judicial determination of what franchises do or do not belong to any corporation interested. Such matters must be determined as heretofore in a legal proceeding properly instituted in the courts for that purpose.

A certificate of public convenience permitting a water company to extend its pipes into a neighboring township will not be reversed at the instance of another water company having the chartered, but not exclusive right, to serve such township with water, where there is nothing to show that the franchises of the latter company were encroached upon in any unreasonable manner by the order of the Public Service Commission.

500 BETHLEHEM C.W.CO.,Appellant, *v.* PUB.SER.COM.

Statement of Facts—Opinion of the Court. [70 Pa. Superior Ct.

Argued Oct. 31, 1917. Appeal, No. 20, March T., 1918, by plaintiff, from order of Public Service Commission, Application Docket, No. 1236, 1917, approving certificate of public convenience in case of Bethlehem City Water Company v. Public Service Commission of the Commonwealth of Pennsylvania, appellee, and Northampton County Water Company, Intervening appellee. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for certificate of public convenience, approving the extension of water pipes into a borough.

The opinion of the Superior Court states the case.

*Error assigned* was order of the Public Service Commission approving the application.

*J. Davis Brodhead,* with him *Beidleman & Hull,* for appellant, cited: Bly v. White Deer Mountain Water Co., 197 Pa. 80.

*Wm. N. Trinkle* and *R. S. Taylor,* for Northampton County Water Company, Intervening appellee, cited: Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568; West Va. P. & P. Co. v. Public Service Commission, 65 Pa. Superior Ct. 5; Mt. Union Borough v. Mt. Union Water Co., 256 Pa. 516.

*Berne H. Evans,* for Public Service Commission: Commonwealth v. Ramsay, 166 Pa. 642; Kimber v. Schuylkill County, 20 Pa. 366; Vaux App., 109 Pa. 497.

OPINION BY HEAD, J., December 12, 1918:

The Northampton County Water Company was incorporated January 6, 1916, for the purpose of supplying water to the public in the Borough of Freemansburg in the said county. In April, 1917, it received a petition from a number of lot owners in Bethlehem Township, but adjacent to the Borough of Freemansburg, asking it

to extend its pipes into the said adjacent territory where a considerable demand for a water supply had suddenly arisen. In undertaking to avail itself of the privileges conferred by the Act of 21st May, 1901, P. L. 270, it applied to the Public Service Commission for the certificate of public convenience which un-der the public service law it was obliged to se-cure before its original charter rights could be extend-ed. The Bethlehem City Water Company, the present appellant, appears to be the legitimate owner of a fran-chise to supply the inhabitants of the Township of Beth-lehem with water unless such franchise has lapsed or been forfeited by nonuser. That company pro-tested before the Public Service Commission against the granting of the certificate prayed for. Public hearings were had, a considerable mass of testimony was taken, and after due consideration it was determined by the commission that the certificate prayed for should issue. An order was consequently made and from that order the Bethlehem City Water Company takes this appeal.

We think it proper to state at this time that, in the judgment of this court, an appeal from an order of the Public Service Commission, either granting or refusing a certificate of public convenience, cannot be made a substitute for a writ of quo warranto or other legal pro-ceeding in which it may be judicially determined what franchises, claimed by any chartered company, are active and in full force. In granting a certificate of public convenience the commission confers no new char-tered powers on any company. It takes away from no company any right or power then legally existing. As it is not a judicial body but an administrative one, its order, made from the standpoint of the public conven-ience solely, cannot be made the foundation for the ju-dicial determination of what franchises do or do not be-long to any corporation interested. Such matters must be determined as heretofore in a legal proceeding prop-erly instituted in the courts for that purpose.

If we concede the appellant water company has a franchise that would enable it to supply water to the citizens of the Township of Bethlehem, we do not understand the order appealed from takes away any such franchise. Indeed, it is hard to see how it could be said to impair it or affect it in any way unless the appellant company may assert it possesses the exclusive franchise to furnish such a supply of water. No such claim was made to the Public Service Commission, nor-does that tribunal assume jurisdiction to decide such a question. If the commission could not determine that the Northampton County Water Company was about to usurp any franchise vested in the appellant company, how can the latter be said to be aggrieved by the order complained of. It still possesses every chartered power and franchise with which it was legally invested before the order of the commission was made. The courts are open to protect it against any unwarrantable intrusion upon those rights.

How then may we say, upon this appeal, that the order complained of was an unreasonable order? The questions involved are of a character that makes it clear to us they must be finally determined by the courts. We are not departing from the principle declared by our Brother KEPHART in Electric Light, Heat & Power Co.'s Petition, 63 Pa. Superior Ct. 1, where it was said: "The commission should not be a party to what is manifestly an open violation of the law." Had we such a case before us, we would be well within our rights, even in an appeal like the present one, in so holding. But, as already stated, we cannot here determine that the appellant company has any exclusive right to supply all of the inhabitants of Bethlehem Township with water. If it has not, it continues to be difficult to perceive wherein it is a party aggrieved by the order complained of, which simply permits the petitioned company to proceed with the exercise of the chartered powers and franchises it claims to possess under the laws of the Commonwealth.

We cannot therefore say, from the record before us, that the order complained of is either unreasonable or not according to law.

The order of the Public Service Commission is affirmed and the appeal dismissed at the costs of the appellant.