# Reiber et al., Appellants, *v.* Public Service Commission.

*Public Service Commission—Public Service Company Law—Electric light companies—Eminent domain—Certificate of public convenience approving exercise—Scope of certificate.*

An order of the Public Service Commission, approving the exercise of the right of eminent domain by an electric company will be approved, where there is evidence of the necessity to increase the capacity of the power company's transmission and distribution systems. The granting of the certificate of public convenience approving the exercise of the right of eminent domain by an electric company, under the provisions of the Act of May 21, 1921, P. L. 1057, determines neither the validity nor the scope of the subsequent proceedings by eminent domain. It evidences only the preliminary approval by the regulatory body to whom general regulation of the service of such companies was entrusted as specified in the statute.

Argued May 7, 1924. Appeal, No. 148, April T., 1924, by protestants, heirs of Henry Reiber, George L. Reiber, Ida F. Reiber, Anna M. Reiber, Edw. Reiber, Nora D.

508   REIBER et al., Appel., *v.* PUB. SER. COM.

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct.

Reiber, William K. Miller, Edith P. Miller, Cora A. Aland, Jos. W. Aland, Bertha M. Miller, Analene M. Colbert, W. H. Colbert, Loretta C. Lee, W. H. Lee, Augusta B. Meiser, Fred H. Meiser, Dorothy C. Meiser, Paul J. Meiser and Dorothy B. Meiser, from order of the Public Service Commission of the Commonwealth of Pennsylvania, In re application of the West Penn Power Company, for approval of the exercise of the right of eminent domain.   Before HENDERSON, TREXLER, LINN and GAWTHROP, JJ.   Appeal dismissed.

Application to the Public Service Commission for a certificate of public convenience approving the exercise of the right of eminent domain.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission granted a certificate of public convenience.   Protestants appealed.

*Error assigned* was the order of the Public Service Commission.

*Benjamin R. Williams,* for appellants.

*S. S. McCahill,* of *McCahill, McCahill & Tabor,* for West Penn Power Company.

*Frank M. Hunter,* Counsel, and *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY LINN, J., July 2, 1924:

The intervening appellee, a public service company, desiring to exercise the authority to appropriate property conferred by the Act of May 21, 1921, P. L. 1057, filed its petition so stating, with the commission, pursuant to the provision "That before any such company shall exercise the power conferred by this subsection, the Public Service Commission of the Commonwealth of

507, (1924).]          Opinion of the Court.

Pennsylvania, upon application of such company, shall have found and determined, after public hearing, that the service to be furnished by said company through the exercise of said power is necessary or proper for the service, accommodation, convenience, or safety of the public." Appellants, who own the land over which it is proposed to construct the transmission line in question, filed a protest, or answer. A public hearing was held and evidence received on behalf of both parties. After consideration of the matter, a certificate was issued as prayed for. This appeal followed.

There is evidence of necessity to increase the capacity of the power company's existing transmission and distribution systems, supporting the commission's action. The granting of the certificate determines neither the validity nor the scope of subsequent proceedings by eminent domain; it evidences only the preliminary approval by the regulatory body to whom general regulation of the service of such companies was entrusted as specified in the statute. As the subject has been so recently considered by this court in Biddle v. Commission, 81 Pa. Superior Ct. 350, 354, and Kulp v. Commission, 82 Pa. Superior Ct. 83, more need not be said now.

Appeal dismissed.