# Wilson, Appellant, *v.* The Public Service Commission.

*Public Service Company Law—Public Service Commission—Eminent domain—Right to exercise—Certificate of public convenience—Act of May 21, 1921, P. L. 1057—Act of April 29, 1874, P. L. 73—Act of June 26, 1895, P. L. 343—Act of May 5, 1911, P. L. 112.*

The granting of a certificate of public convenience by The Public Service Commission authorizing the exercise of the right of eminent domain determines neither the validity nor the scope of subsequent proceedings. It is evidence only of the preliminary approval of the regulatory body, charged by the legislature with the duty of regulating the service of such public utilities.

As the Public Service Commission is not a judicial body but an administrative one, its order, made from the standpoint of public convenience, solely, cannot be made the foundation for the judicial determination of what franchises do or do not belong to any corporation interested. Such matters must be determined as heretofore

in a legal proceeding properly instituted in the courts for that purpose. The order of the Commission in this case simply finds and determines that the service to be furnished by the company, through the acquisition of a right of way over and across a certain tract of land, is necessary and proper. The Commission has no jurisdiction over the question of damages arising from the exercise of the powers conferred by the Act of May 21, 1921, P. L. 1057, because it is therein expressly provided that such damages shall be ascertained and recovered as provided by the 41st section of the Act of April 29, 1874, P. L. 73.

Under the provisions of section 41 of the Act of April 29, 1874, P. L. 73, as amended by the Act of May 5, 1911, P. L. 112, and as affected by the Act of June 26, 1895, P. L. 343, the bond must be tendered "to the party claiming or entitled to any damages, or to the attorney or agent of any person absent, or to the guardian or committee of any one under legal incapacity." As there is nothing on the record to show that the owner was absent or to excuse in any way the failure to make the tender to the "party entitled to damages" the rule to quash the appeal was discharged.

Argued October 12, 1926. Appeal No. 17, October T., 1926, by plaintiff from order of The Public Service Commission In re Application of The Philadelphia Electric Company for a certificate of public convenience evidencing the Commission's approval of the exercise of the right of eminent domain. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Application by The Philadelphia Electric Company for a certificate of public convenience evidencing the approval of the exercise of the right of eminent domain.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission granted the certificate. Harold L. Wilson, property owner, appealed.

*Error assigned,* among others, was the order of the Commission.

*Lester B. Johnson,* and with him *Daniel H. Kunkel,* for appellant.—In the absence of an ordinance of the

City of Philadelphia, consenting to the proposed construction, The Public Service Commission could not grant the certificate: Act of May 21, 1921, P. L. 1057; Act of June 17, 1871, 1361, Sec. 1; Gring v. Sinking Spring Water Co., 270 Pa. 232; Harmony Electric Company v. The Public Service Commission, 78 Pa. Superior Ct. 271; Kerry v. W. Penn Power Co., 86 Pa. Superior Ct. 522.

*Ralph J. Baker,* for Philadelphia Electric Company, intervening appellee.—The certificate issued by The Public Service Commission does not determine the scope or validity of subsequent proceedings: Reiber v. Public Service Commission, 83 Pa. Superior Ct. 507; Hege v. Public Service Commission, 86 Pa. Superior Ct. 558. The company had the right to condemn for future uses and its discretion will not be inquired into or controlled by the courts unless plainly abused: Boalsburg Water Co. v. State College Water Co., 240 Pa. 198; Southern Electric Light Co. v. Philadelphia, 191 Pa. 170; Pittsburgh v. Consolidated Gas Co., 34 Pa. Superior Ct. 234; New York etc. R. R. Co. v. Young, 33 Pa. 175; Struthers v. Dunkirk (2) etc. R. R. Co., 87 Pa. 282; Pittsburgh etc. Ry. Co. v. Peet, 152 Pa. 488; Price v. Penna. R. R. Co., 209 Pa. 81.

*John Fox Weiss,* Counsel, and with him *W. Y. Blanning,* Assistant Counsel, for The Public Service Commission.

OPINION BY CUNNINGHAM, J., December 15, 1926:

Appellant is the owner of a tract of land situate in the 35th Ward of the City of Philadelphia, approximately 800 by 3,498 feet, and containing about fifty-six acres. The intervening appellee, The Philadelphia Electric Company (hereinafter referred to as the company), was incorporated October 27, 1902, under the Act of April 29, 1874, P. L. 73, and its supplements,

and more particularly under the Act of May 8, 1889, P. L. 136, for the purpose of supplying heat, light and power by electricity to consumers residing in or adjacent to the City and County of Philadelphia, etc. Having undertaken the construction of a 66,000 voltage transmission line on steel towers from a substation at Luzerne and G Streets in the 33rd Ward of said city through the northeastern section thereof to the Bucks County line, and being desirous of securing a right-of-way for said line across the property of appellant, with whom it was unable to agree upon compensation for the damages which would be sustained, the company instituted appropriate proceedings before the Public Service Commission of this Commonwealth for the purpose of obtaining the approval of the Commission of the exercise by it of the right conferred upon it by the Act of May 21, 1921, P. L. 1057, to appropriate private property for, inter alia, the erection of facilities for the transmission or distribution of electric power. By this act it is provided that before any such company shall exercise such powers the Commission "upon application of such company shall have found and determined, after public hearing, that the service to be furnished by said company through the exercise of said power is necessary or proper for the service, accommodation, convenience or safety of the public." Accordingly, on October 16, 1925, the company presented to the Commission its petition, afterwards amended by permission, setting forth in substance that it is constructing the above mentioned transmission line on a private right-of-way (therein minutely described) for the purpose of "supplying and furnishing light, heat and power, or any of them, by means of electricity to the public in the City and County of Philadelphia and particularly the section thereof lying northeastwardly of said Luzerne Street and in the 35th Ward thereof, including Bustleton,

Somerton, Byberry and intervening territory, and also for the purpose of supplying and furnishing the same to the public in territory adjacent to said City and County, to wit, in Bucks and Montgomery Counties, by supply of electric energy to Philadelphia Suburban Gas & Electric Company, which supplies the same directly to its customers in said other counties, adjacent to the City and County of Philadelphia.'' The petition contains the usual averments relative to the ownership by appellant of the tract over which it desires to secure a right-of-way, the inability of the company to reach any agreement with him, and the public necessity for the construction of the line.

Appellant protested the granting of said certificate but after a public hearing the Commission under date of November 16, 1925, filed its report and order, in which it stated that it had found, from the evidence adduced, that the construction of the proposed line "will manifestly improve" the service of the company and that the service to be furnished through its proposed exercise of the right of eminent domain is necessary and proper for the service and convenience of the public and accordingly granted an appropriate certificate. From the order thus granted appellant took this appeal. During its pendency the company presented a petition setting forth that at his offices on December 24, 1925, it had tendered to the attorney who represented appellant before the Commission and who took the appeal the bond of the company, with a corporate surety, conditioned for the payment of such damages as appellant should be entitled to receive after the same had been agreed upon or assessed as provided by law, which bond had been accepted by the attorney in behalf of appellant, and praying for a rule to show cause why the appeal should not be quashed because the questions involved had, by reason of such acceptance, become academic and

because appellant was no longer affected by the order appealed from. Upon this petition a rule was granted returnable October 1, 1926, to which appellant filed an answer, and we directed that the questions arising under the rule and answer should be argued at the same time argument was heard upon the merits of the appeal. For reasons hereinafter stated we now discharge this rule and proceed to a consideration of the appeal upon its merits.

At the argument the assignments of error alleging that the proceedings had been instituted without proper corporate action were withdrawn. The remaining assignments charge error on the part of the Commission: (a) in not requiring the company to prove that it had municipal consent to enter on the streets of the city for the construction of the transmission line; (b) in failing properly to describe in its order the premises thereby affected.

1. At the hearing the learned counsel for appellant sought to raise the question whether the company had obtained consent of the city to cross public streets with the high tension line in question. It was objected that this amounted to a collateral attack upon the franchises of the company and that the question was not material to the issue before the Commission, which objection was sustained by the sitting Commissioners. Subsequent to the hearing there was filed with the Commission a copy of the charter of the company and of a franchise-ordinance granted to it by the City of Philadelphia on December 26, 1902. This ordinance authorized the company to enter upon and use the streets and alleys of the city for the purpose, inter alia, of constructing and operating "underground conduits, erecting poles and wires overhead," etc., for the purpose of furnishing electric service "to the public and to private individuals and corporations in and throughout the City of Philadelphia." It is argued

in behalf of appellant that there was no evidence before the Commission that the city had given its consent to the erection of the present line for the purpose of supplying service "outside of the City of Philadelphia." It does not appear that there are any opened streets on appellant's property and the City of Philadelphia was not a protestant against the granting of the application. We prefer, however, to base our disposition of this matter upon a broader ground than the absence or remoteness of the interest of appellant in the question he endeavors to raise.

When the jurisdiction of the Commission, as an administrative body, and the scope and effect of its order in a proceeding of this kind are properly considered it is clear the Commission was right in declining to consider and construe this ordinance in disposing of the application then before it. Manifestly the order of the Commission does not confer the right of eminent domain upon an applicant company. That right is conferred upon it as an additional right and power by the Act of 1921, supra; but such power may not be exercised until the Commission shall have determined that there is a public necessity for the service to be rendered through its exercise. We said in Reiber v. Commission, 83 Pa. Superior Ct. 507, and in Hege v. Commission, 86 Pa. Superior Ct. 558, and repeated in Dickson v. Commission, 89 Pa. Superior Ct. 126, that the granting of a certificate under the act determines neither the validity nor the scope of subsequent proceedings by eminent domain, but evidences only the preliminary approval by the regulatory body charged by the legislature with the duty of regulating the service of such public utilities. If an electric company, incorporated under or accepting the provisions of the Act of 1889, supra, does not for any reason possess the right of eminent domain, or does not procure when necessary proper municipal consent, the

order of the Commission approving an application under the Act of 1921 does not and could not cure any such defect. Again, as the Commission in determining the questions committed to its jurisdiction in an application of this kind must necessarily have power to pass upon the question of the proper location of the line, especially if an electric company should act wantonly, arbitrarily or unreasonably in selecting a route, it would seem to follow that it is not necessary that municipal consent should be procured prior to a finding by the Commission that service over the line as located by the applicant is a public necessity. The Commission is not required to determine every possible legal question which may be raised when application is made to it for a certificate of public convenience. "As it is not a judicial body but an administrative one, its order, made from the standpoint of the public convenience solely, cannot be made the foundation for the judicial determination of what franchises do or do not belong to any corporation interested. Such matters must be determined as heretofore in a legal proceeding properly instituted in the courts for that purpose," Bethlehem City Water Company v. Commission, 70 Pa. Superior Ct. 499. Obviously in some complaints and applications, for instance, against rates or service, or for the approval of incorporation, it is sometimes necessary for the Commission to consider and pass upon the rights and franchises possessed by the respective corporations involved, but in an application such as we are now considering such questions are not involved. We are of opinion that the Commission committed no error in declining to construe the terms of the ordinance and in confining itself to the question of the necessity for the service, and therefore dismiss the first, third and fourth assignments.

2. The petition of the company is open to the

criticism that it does not contain in the body thereof a description of the entire tract of land owned by appellant, containing approximately fifty-six acres and which may be affected by the taking, but merely a detailed description of the right-of-way about seventy-five feet wide and eight hundred feet long across this tract, containing about one and one-third acres. In the fifth paragraph of the petition it is stated that "the route of said transmission line as laid out and partially constructed by applicant crosses a certain tract of land bounded as follows," and then follows, not a; description of the tract to be crossed by the right-of-way but a detailed description of the right-of-way itself. We are of opinion however, that this error is cured by the fact that it is further stated in said paragraph that "A blueprint showing the location of the right-of-way to be acquired is attached hereto, made a part hereof and marked 'Exhibit A.'" This blueprint shows the entire tract owned by appellant by courses and distances and in the same way the location of the proposed right-of-way across it. The order of the Commission finds and determines that the service to be furnished by the company through the acquisition of a right-of-way over and across "a certain tract of land, as more fully and at large set forth in the petition," is necessary and proper, etc. We pointed out in Dickson v. Commission, supra, that the Commission has no jurisdiction over the question of damages arising from the exercise of the powers conferred by the Act of 1921 because it is therein expressly provided that these damages "shall be ascertained, recovered and paid as provided by the forty-first section of the Act of April 29, 1874, P. L. 73, and the amendments and supplements thereto," and also that the power of eminent domain cannot be exercised until the property to be taken has been specifically defined, its selection approved and the taking authorized

by proper condemnation resolutions. In the recent case of Kerry v. West Penn Power Company, 86 Pa. Superior Ct. 522, President Judge PORTER again stated that the granting of the certificate by the Commission determines neither the validity nor the scope of subsequent proceedings by eminent domain. We are satisfied that appellant cannot possibly be prejudiced in the matter of the ascertainment of the damages due him for the proposed taking by the form of the order in this case and the assignments of error raising this question are overruled.

3. It is proper that we now state our reasons for discharging the rule to show cause why this appeal should not be quashed. In the answer of appellant it is denied that either he or his attorney approved the said bond or waived any right of appellant or did anything other than receive the bond. It also appears from the petition that, pursuant to corporate action by the board of directors of the company for the condemnation of the right-of-way and following the tender of the bond, the company entered upon the property and commenced the erection of the line. It is denied in the answer that this entry was with the knowledge and without the objection of appellant as averred in the petition. The position of counsel for the company is that the acceptance of the bond by the attorney divested appellant's estate in the right-of way, vested it in the company and authorized the entry, and that appellant must now look to the bond for compensation. Appellant on the other hand contends that the electric company is a trespasser. We are not prepared to hold upon the facts appearing from the petition and answer that there has been an acceptance in law by the landowner of the bond of the company, or, in other words, that security has been given in such "due course of law" that "the grasp of the owner upon his property is loosened by the constitu-

tion itself'': Fries v. Railroad and Mining Co., 85 Pa. 73; Arnold v. B. R. & P. Ry. Co., 32 Pa. Superior Ct. 452. It may well be doubted, under all the facts here disclosed, whether the tender of the bond to appellant's attorney in these proceedings was a good tender, and whether the attorney did, or even could, accept it with all the consequences which would flow from an acceptance by the landowner. The forty-first section of the Act of April 29, 1874, P. L. 73, 105, as amended by the Act of May 5, 1911, P. L. 112, reducing the number of viewers from five to three, and as affected by the Act of June 26, 1895, P. L. 343, authorizing one corporate surety, provides that such bond shall be tendered ''to the party claiming or entitled to any damages, or to the attorney or agent of any person absent, or to the guardian or committee of any one under legal incapacity.'' There is nothing before us to show that appellant was ''absent,'' or to excuse in any way the failure to make the tender to the ''party entitled to damages.'' Our attention has not been directed to any statute or decision which would justify us in holding that security has here been given in due course of law; hence it is proper to discharge the rule. Whether the right of the public to the use and enjoyment of the right-of-way through its agent, the company, has been perfected is not a question involved on this appeal and we express no opinion upon it.

The order of the Public Service Commission is affirmed.