# Westside Electric Street Railway Company, Appellant, v. Public Service Commission.

*Public service company law—Public Service Commission—Electric Companies—Eminent domain—Act of May 21, 1921, P. L. 1057.*

The grant of a certificate of public convenience to a public service corporation approving the exercise of the power of eminent domain under the provisions of the Act of May 21, 1921, P. L. 1057, does not determine the right of applicant company to condemn lands it desires to appropriate or the validity of the subsequent proceeding by eminent domain.  It evidences only the preliminary approval of the regulatory body to whom general regulation of the service of such companies is entrusted by the Public Service Company Law, and is a finding that the exercise of the power, if it exists, is necessary for the convenience, accommodation and safety of the public.

In granting such a certificate of public convenience the Commission confers no new charter powers on any company.  It takes away from no person or company any right or power then legally existing.  As it is not a judicial body, but an administrative one, its order, made from the standpoint of the public convenience only, cannot be made the foundation for the judicial determination of what franchises do or do not belong to any corporation interested. Such matters must be determined as heretofore in a legal proceeding properly instituted in the courts for that purpose.

Where the preliminary question of the right to condemn property is raised before the Commission its conclusion on that point if favorable to the right, becomes functus officio as soon as it finds that the exercise of such power would be for the convenience, accommodations or safety of the public, and has no effect on the court proceedings that any parties interested may set in motion to adjudicate the right of the applicant to appropriate the property in question by eminent domain.  It is only where such preliminary question is decided by the Commission adversely to the applicant and the certificate of public convenience is refused on the ground that the applicant has not the power to condemn, that its action upon such preliminary question of law will be reviewed by the court.

Argued May 2, 1927.  Appeal No. 195, April T., 1927, by protestant from order of The Public Service Commission of the Commonwealth of Pennsylvania, No. A-15666—1926, granting a certificate of public convenience to the West Penn Power Company for the

Petition for a certificate of public convenience evi-
dencing the approval of the exercise of the right of
eminent domain.

The facts are stated in the opinion of the Superior
Court.

The Public Service Commission granted a certificate
of public convenience permitting the exercise of the
power of eminent domain.   Protestant appealed.

*Error assigned,* among others, was the order of the
Commission.

*Alexander C. Tener,* and with him *D. M. McCloskey,*
for appellant.

*David I. McCahill,* of *McCahill & Tabor,* and with
him *Donnan & Miller,* for Intervening appellee.

*Wendell Y. Blanning,* Assistant Counsel, and *John
Fox Weiss,* Counsel, for The Public Service Commis-
sion.

OPINION BY KELLER, J., July 8, 1927:

We have held a number of times that the grant of a
certificate by the Public Service Commission approv-
ing the exercise of the power of eminent domain under
the provisions of the Act of May 21, 1921, P. L. 1057,
does not determine the right of the applicant company
to condemn the lands it desires to appropriate or the
validity of the subsequent proceedings by eminent
domain.   It evidences only the preliminary approval of
the regulatory body to whom general regulation of the
service of such companies is entrusted by the Public
Service Company Law, and is a finding that the exer-
cise of the power, if it exists, is necessary for the

convenience, accommodation or safety of the public: Hege v. Public Service Commission, 86 Pa. Superior Ct. 558, 561; Reiber v. Public Service Commission, 83 Pa. Superior Ct. 507, 509; Dickson v. Public Service Commission, 89 Pa. Superior Ct. 126, 137; Wilson v. Public Service Commission, 89 Pa. Superior Ct. 352, 358.

The fact that the Commission may have considered the right of such company to institute such proceeding and upheld it does not adjudicate that right or give such conclusion the force of a judicial decision. "In granting a certificate of public convenience the commission confers no new chartered powers on any company. It takes away from no [person or] company any right or power then legally existing. As it is not a judicial body but an administrative one, its order, made from the standpoint of the public convenience solely, cannot be made the foundation for the judicial determination of what franchises do or do not belong to any corporation interested. Such matters must be determined as heretofore in a legal proceeding properly instituted in the courts for that purpose": Bethlehem City Water Co. v. Public Service Commission, 70 Pa. Superior Ct. 499, 501.

Of course the Commission will not grant a certificate to a company where its exercise would be manifestly a violation of law: Relief Electric L. H. & P. Co.'s Petition, 63 Pa. Superior Ct. 1, 16; but where the preliminary question of the right to condemn property is raised before the Commission its conclusion on that point if favorable to the right, becomes *functus officio* as soon as it finds that the exercise of such power would be for the convenience, accommodation or safety of the public, and has no effect on the court proceedings that any parties interested may set in motion to adjudicate the right of the applicant to appropriate the property in question by eminent domain.

It is only where such preliminary question is decided by the Commission adversely to the applicant and the certificate of public convenience is refused on the ground that the applicant has not the power to condemn, that its action upon such preliminary question of law will be reviewed by this court.   See York Haven W. & P. Co. v. Public Service Commission, 87 Pa. Superior Ct. 213; reversed in 287 Pa. 241.

As the only ground of complaint in this appeal is a denial of the right of the intervening appellee to condemn a right of way over the property of the appellant, and the finding of the Commission that such right, if it exists, would be for the convenience and accommodation of the public is not questioned, and is amply supported by the evidence, it follows that the appeal must be dismissed and the order of the Commission affirmed; and it is so ordered.