## Harrisburg Light and Power Company v. Sebastian.

*Spencer G. Nauman* (of *Nauman & Smith,* of Harrisburg) and *Paul G. Adams,* for plaintiff.

*Eugene D. Siegrist,* for defendants.

HENRY, P. J., Dec. 2, 1927.—The Harrisburg Light and Power Company filed a petition, accompanied by a bond, asking for the approval of the bond in the condemnation of "an easement" or right of way over certain lands of the defendants. A large number of exceptions to the petition and bond were filed by the owners of the land, but the ones pressed in support of the contention that the bond should not be approved are that the proceedings are defective because the company appropriates "an easement" instead of property; that the company has not sufficiently designated in its proceedings before the Public Service Commission or in its resolutions the type of construction of the proposed transmission line; that the petitions and record fail to properly and sufficiently describe the tract from which the appropriation is taken; and that the proposed taking or appropriation is unreasonable, arbitrary and an improper exercise of the discretion of the board of directors.

It is contended that the appropriation of "an easement" is beyond the power of the petitioner because the Act of May 21, 1921, § 4, subdiv. *(d),* P. L. 1057, authorizes only the appropriation or taking of property by electric light, heat and power companies. In Railway *v.* Peet, 152 Pa. 488, 492, it was suggested that the term "easement" is a misnomer as applying to the land taken in condemnation for railroad purposes, but the use of the word in this connection was recognized, although it was suggested that it was a "loose way for the purpose of distinguishing it from a fee." While the petition does call the appropriation an easement and it also speaks of a right of way, it is clear that by whatever name it may be called, what the petitioner proposes taking is a certain portion of the lands of the defendants for the purpose of erecting and maintaining poles and wires for the transmission of power. It may be an easement, and, under the authority of Railway *v.* Peet, it may possibly be more than an easement, although we might distinguish between land taken in condemnation by a railroad for railroad purposes and land taken by a light

and power company for its purposes. We do not consider the use of the word easement as unwarranted by the use of the word property in the act of assembly. An easement is property. It is real property. It is a right in land, and we take it that under the provisions of the act of assembly the condemnation might be a taking of the whole property, that is, the fee or a restricted right, such as an easement.

While it might be well for a corporation to describe the construction to be placed upon land taken in condemnation proceedings, yet there is nothing in the act of assembly that requires this to be done, and, where evidence is presented showing what that construction is to be, the court has knowledge of this fact in so far as it may affect the validity of the taking, and, as long as there is nothing essentially wrong in the construction, it only is important in connection with the manner in which it may affect the remaining portion of the owner's land and as going to the amount of damages that should be awarded for the appropriation.

The objection that the petitions and record do not contain a description of the entire tract of land from which the appropriation is made seems to have some force when we consider the case of Wilson v. Public Service Commission, 89 Pa. Superior Ct. 352, 360. The failure to set forth a description of the entire tract of land in the petition before the Public Service Commission asking for that body's approval of the exercise of the right of eminent domain is criticised and even termed an "error," although it was cured in that case by a blue-print which showed the entire tract. There is nothing in this opinion that indicates the reason for the criticism of a failure to attach a draft or description of the entire tract of land, and we find nothing requiring it in the Act of 1921 or in the Act of April 29, 1874, P. L. 73, which provides for the manner in which damages shall be ascertained and recovered in the exercise of eminent domain by corporations. While it is important that the manner in which the taking or appropriation affects the owner's remaining property should be considered in assessing damages, yet that is a matter which is the subject of presentation through proper evidence, and we see no reason why it should be an essential part of the petition asking for the approval of the bond. What is important is that the property taken should be accurately described so that it can be located on the ground, but the petition in the instant case is very clear in this respect and definitely fixes the beginning point, not only with respect to the owner's land, but with respect to the lands of others, and then runs a definite course to a fixed place of ending, again fixed with reference to lands other than those taken. It might be better to have a description of the whole tract from which the property or land taken is carved, but we do not deem its absence fatal to the validity of the proceeding.

Considerable evidence was presented indicating the character of the construction proposed to be put upon the easement or land taken, and, while it does not appear to be, and we do not believe it to be, the safest and most durable construction, yet it is such as is in ordinary and common use for the purpose intended, and we do not feel that we would be warranted in requiring a construction which would be very much more expensive, but which would in all probability be more durable and safe.

We are in thorough accord with counsel for the exceptants when he says that the condemnation of private property for public use is contrary to the course of the common law and that the manner pointed out by legislation for the course to be followed in the appropriation of another's property should be strictly followed; but we are as strongly impressed with the recognized prin-

ciple that not only the property but the lives of her citizens are subject to the sovereignty of the State for the public weal, and that this right of sovereignty to take private property for public use may be delegated and exercised upon making proper compensation: indeed, it is only through such delegation of the sovereign power of the State that many of the comforts of life may be enjoyed by the great bulk of our people.

We feel that the petitioners should be allowed to take possession of the property of the defendants proposed to be taken, and that the land owners should be referred to the remedies the law gives them for compensation. At bar, no exception was taken to the sufficiency of the bond.

And now, Dec. 2, 1927, the exceptions to the petition and bond filed in the matter of the condemnation of the real estate of Joseph Sebastian and Vera Sebastian are overruled and the bond will be approved.

From Dawson W. Light, Lebanon, Pa.