Irwin Borough, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued May 1, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Louis E. Sensenich,* with him *J. Raymond Sowash,* for appellant.

*Samuel Graff Miller,* with him *Solomon Freedman* and *Harry M. Showalter,* for appellee.

*Edward O. Tabor,* with him *Charles L. McCormick,* for intervenor.

*Thomas C. Evans,* with him *Harry K. Daugherty, George W. Keitel,* Assistant Deputy Attorney General, and *Claude T. Reno,* Attorney General, for intervenor.

*Frank Butler,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for intervenor.

OPINION BY RHODES, J., October 7, 1940:

This appeal arises from the same record as that of *West Penn Railways Co. v. Pennsylvania Public Utility Commission,* 142 Pa. Superior Ct. 140, 15 A. 2d 539; and it involves a portion of the same supplemental order of the commission, dated December 18, 1939. That part of the supplemental order which appellant, the Borough of Irwin, assigns as error is the following: "1. That West Penn Railways Company possesses no financial interest in the ownership of track of the former Irwin-Herminie Traction Company, located in Pennsylvania Avenue, in the Borough of Irwin, and, consequently, we may not require West Penn Railways Company to remove the

aforesaid track." Appellant also complains that the commission erred in not finding as a fact that the tracks, trolleys, and poles formerly used by the Irwin-Herminie Traction Company, and used exclusively by the West Penn Railways Company on Pennsylvania Avenue in the Borough of Irwin, were facilities of the West Penn Railways Company, and should be removed by the West Penn Railways Company, and the street affected thereby should be repaired, as a condition of abandonment; and that the commission erred in failing to impose upon the West Penn Railways Company, as a condition of its abandonment, a provision requiring the West Penn Railways Company to remove from Pennsylvania Avenue, in the Borough of Irwin, the rails formerly of the Irwin-Herminie Traction Company used exclusively by the West Penn Railways Company on their McKeesport division, and to repave the street affected thereby.

The track referred to consists of approximately 490 feet of track beginning from the point of intersection of the tracks of the West Penn Railways Company and the Irwin-Herminie Traction Company on Pennsylvania Avenue, 81 feet from the westerly borough limits, thence eastward along said avenue to the intersection of Pennsylvania Avenue and Main Street. This portion of track was originally constructed by the Manor Valley Railway Company, predecessor to the Irwin-Herminie Traction Company, pursuant to the franchise from the Borough of Irwin granted by an ordinance approved May 28, 1908.

The Borough of Irwin, by an ordinance approved March 5, 1917, granted to the McKeesport and Irwin Railway Company, predecessor to the West Penn Railways Company, a right of way over the above-mentioned track. The legal authority for this grant was derived from the reserved right running to the Borough of Irwin under the ordinance of 1908.

An operating agreement of August 31, 1920, between West Penn Railways Company and Irwin-Herminie Traction Company provided for the operation of cars of the former company over the latter's tracks on Pennsylvania Avenue.

West Penn Railways Company and the traction company jointly used the track until the traction company discontinued operating in 1931. West Penn Railways Company used the track exclusively from 1931 to June, 1938, when that company discontinued service by virtue of a supersedeas granted by this court, dated June 2, 1938.

It is within the power of the commission in granting a certificate of public convenience for abandonment under section 202(d) of the Public Utility Law of May 28, 1937, P. L. 1053, as amended, 66 PS §1122(d), to attach reasonable conditions to its consent by virtue of section 203(a), 66 PS §1123(a), so long as they are proper under the company's franchises or under contracts previously entered into by it with the various municipalities. *Jennings v. Pennsylvania Public Utility Commission et al.*, 140 Pa. Superior Ct. 569, 14 A. 2d 882; *West Penn Railways Co. v. Pennsylvania Public Utility Commission*, 142 Pa. Superior Ct. 140, 15 A. 2d 539.

We have held that the commission has jurisdiction to determine whether corporations have the right and power to do or not to do the thing for which the commission's approval is sought. *Pittsburgh Railways Co. et al. v. Public Service Commission et al.*, 115 Pa. Superior Ct. 58, 62, 174 A. 670. In some instances it is necessary for the commission to consider and determine whether corporations have a duty and liability, or are obligated to do the thing, in connection with which the commission's action is sought; and the commission has such essential authority. See *Wilson v. Public Service Commission*, 89 Pa. Superior Ct. 352, 359; *Fogelsville*

& *Trexlertown Electric Co. v. Pennsylvania Power &
Light Co.,* 271 Pa. 237, 243, 114 A. 822.

In the present case the commission took the position
that the tracks in question in the Borough of Irwin
were not owned by the West Penn Railways Company;
that the ordinance and inter-company agreements clearly
indicated that Irwin-Herminie Traction Company did
not relinquish its ownership of the track on Pennsyl-
vania Avenue; that there was nothing in the franchise-
ordinance which altered the burden of ownership of
these tracks; and that therefore it could not require the
West Penn Railways Company, as a condition to aban-
donment, to remove tracks which it did not own, and
which it was not obligated to maintain.

In imposing conditions to its consent to abandon serv-
ices, etc., the commission may inquire whether the
utility is under any duty to do, or is relieved from doing,
i. e., by lack of ownership, the thing which is basically
essential for action which the commission is asked to
take, and "orderly procedure requires that the commis-
sion pass upon that phase of the controversy before the
courts adjudge it": *Pittsburgh Railways Co. et al. v.
Public Service Commission et al.,* 115 Pa. Superior Ct.
58, at page 64, 174 A. 670, at page 672. "The commis-
sion, in its finding, determination or order, is primarily
guided by a consideration of these matters": *Fogelsville
& Trexlertown Electric Co. v. Pennsylvania Power &
Light Co.,* supra, 271 Pa. 237, at page 243, 114 A. 822,
at page 824.

We are of the opinion that the commission did not
err in making that part of its order here involved, if
for no other reason than that ownership of the tracks
in question, with resulting responsibility, is not clear on
the face of the contracts and franchises. The question
of the binding effect of contracts is one of law not cog-
nizable by the commission. *Borough of Warren v.
Public Service Commission,* 80 Pa. Superior Ct. 10, 19.

Appellant still has recourse to the courts, and may there have its rights adjudicated by the institution of appropriate proceedings.

Appeal is dismissed, at the cost of appellant.